E. H. TURNER ET AL. V. RIVERSIDE COTTON OIL COMPANY.

No. 3823.   Decided June 20, 1923.

(252 S. W., 1060.)

**Venue—Contract—Shipment—Guaranty of Weight at Destination.**

Where the seller of cotton seed guaranteed in writing the weight at destination of a car load of cotton seed sold and shipped to his order, with draft for the price on the purchaser attached to the bill of lading, his contract to deliver the quantity called for by the bill and draft, which the purchaser paid, was one performable in the county of destination. Under par. 5 of Art. 1830, Rev. Stats., suit was properly brought by the purchaser in that county for damages by reason of shortage in the weight delivered; and defendant's plea of privilege to be sued in the county of his residence was properly overruled. Scott & Mayhall v. Lubbock Grain & Coal Co., 113 Texas, 127, followed. (Pp. 146, 147).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court, having referred the question to the Commission of Appeals, Section A, for its opinion thereon, here adopts same as its answer.

*Brooks & Johnson,* for appellants.

The contract for the sale of the cotton seed being verbal and there being no finding of fraud, the mere fact that drafts were to be drawn on appellee with bills of lading attached and presented for payment in Tarrant County, Texas, which was done, did not constitute a contract in writing on the part of appellants to answer this suit in Tarrant County, and the plea of privilege should have been sustained. Rev. Stats., Art. 1830; Acts, 35th Leg., ch. 176, p. 388; Adams v. Wallace, 217 S. W., 1080.

*Massingill & Belew*, for appellee.

Bills of lading, and drafts attached, sent by consignor to the consignee through a bank, on payment of which drafts in Tarrant County the consignee received the bills of lading, and on presentation thereof to the carrier obtained the consignments in Tarrant County pursuant to the terms thereof, constitute a written contract between the consignor and consignee to deliver the consignments in Tarrant County.

The facts as found by the court show, we believe, that there was an agreement in writing by the parties for the purchase and sale of the seed here in question. We also contend that appellants, by receiving Mr. Davidson's letter stating the terms of said purchase and sale before shipment of said seed, and by their failure to reply to same, and by their later actions in delivering said seed, confirmed the terms set out in said letter. Floresville Oil. & Mfg. Company v. Texas Refining Co., 118 S. W., 194.

MR. PRESIDING JUDGE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

This case is before us on a certificate from the Honorable Court of Civil Appeals for the Second Supreme Judicial District. The parties are designated as in the trial court.

The case is presented on findings of fact by the trial court from which the facts here recited are taken.

Plaintiff, Riverside Cotton Oil Company, a corporation, having its principal office and place of business at Fort Worth, Tarrant County, Texas, entered into a contract with defendants, E. H. Turner & Company, partners, residing at Troup, Smith County, Texas, for the purchase of certain cotton seed. The negotiations between the parties were conducted and the agreement between them reached verbally over long distance telephone. By the terms of such agreement plaintiff bought from defendant:

"Four cars of damaged cotton seed at $70.00 per ton f. o. b. Troup, Texas, weights guaranteed by defendants; for which defendants were to draw drafts on the plaintiff with bill of lading attached for the money for each of the said cars of cotton seed."

Nothing was said in the conversation over the telephone about reducing the oral agreement to writing but each party thereafter, on the same day, signed and sent to the other a written confirmation of the sale. The confirmation mailed to defendants by plaintiff was on a printed form with blanks filled in writing and the same contained stipulations not embraced in the contract as made over the telephone. The court found that such confirmation was never signed, acknowledged nor acted on by defendants and the same is, therefore, not considered. The confirmation so executed by defendants and forwarded to plaintiff by them as follows:—

"Our Mr. Evans has just notified us that he sold you four cars damaged cotton seed from 30% to 50% damage at $70.00 per ton, F. O. B. Troup. We will get cars out at once, and make drafts for same. Weights guaranteed."

Said letter was received by plaintiff in due course of mail. There is no contention that the weights guaranteed by defendants both in their verbal agreement and in their letter of confirmation were not the weights of said cotton seed at Forth Worth, the destination of each of said shipments.

Defendants immediately applied for cars in which to ship said cotton seed and as the same were furnished to them by the railroad they loaded four cars at Troup with such seed and shipped the same to plaintiff at Fort Worth. Defendants drew a draft for the amount they demanded for each car of cotton seed and attached the bills of lading received from the railroad for such cars thereto and said drafts were sent through a bank to Fort Worth and there presented to plaintiff and paid by it. Said drafts were all alike in form and terms, varying only in the respective amounts named therein. One of said drafts was as follows:—

"On demand B/L attached, 1 car C/S pay to the order of Guaranty State Bank at Troup ($1684.20)—Sixteen Hundred Eighty-four & 20/100 Dollars, value received and charge the same to account of

E. H. Turner & Company.

Riverside Cotton Oil Company,
                    Forth Worth, Texas."

Plaintiff presented said bills of lading to the railroad and received from it four cars of cotton seed. One car load of such seed was in a different car from the one loaded at Troup and billed out by the carrier and was short in weight.

Plaintiff brought suit in Tarrant County for the loss suffered by it by the reason of such shortage. Defendants pleaded their privilege to be sued in the county of their residence. Plaintiff contested their plea of privilege, alleging in the most general terms that the facts in the case "gives jurisdiction to the County Court, Tarrant

County, Texas." The trial court overruled the plea of privilege and defendants appealed. The Court of Civil Appeals in said certificate says that venue in Tarrant County can be supported apparently only on the ground that the facts show that the plaintiff's case is brought within the fifth exception of Art. 1830 of the Statutes conferring the right upon parties to be sued in the county of their residence. Based on such certificate, the Court of Civil Appeals submits for answer the question:

"Whether the court's findings support his judgment overruling the defendants' plea of privilege?"

Article 1830 of the Revised Statutes provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in certain specified cases set out in separate sub-divisions of said article, the fifth of said subdivisions being as follows:—

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in said county or where the defendant has his domicile."

We think the facts above recited bring this case within the rule announced in the case of Scott & Mayhall v. Lubbock Grain & Coal Co., 252 S. W., 164, and the case of C. E. Patterson v. Smith Bros. Grain Company, this day decided.

The defendants voluntarily reduced the substance of their verbal contract, as they understood it, to writing and in such writing promised to perform at once, and included therein their guaranty of weights as stipulated in the verbal contract. They mailed this written confirmation to plaintiff. The evident purpose of this action was to express their understanding of such contract in writing and to serve notice of such understanding on plaintiff. No reply thereto was required to bind defendants by their own written construction and confirmation of the contract. It was sufficient that plaintiff acquiesced, accepted performance from them and complied with all the conditions required of him. Defendants, by their own admission, agreed to guarantee weights and they do not dispute that the weights so guaranteed were the weights at destination. We quote from the opinion in the case of Scott & Mayhall v. Lubbock Grain & Coal Co., *supra*, as follows:—

"We think the contract is not susceptible of other construction than that the seller guaranteed that the weights shown upon delivery at destination should furnish the standard for his performance of the contract. Such contract could not be fully performed except at destination. The seller could not relieve himself from liability under his contract for a shortage in weight at destination by a showing that he delivered to the carrier the quantity (by weight) of cane seed for which the contract called; and this, regardless of the cause of such shortage. Independently of the question of ownership of

the seed, there was unquestionably a contract in writing by which the seller guaranteed that he would deliver or that he would be responsible for the carrier's delivering at Lubbock the quantity of seed (by weight) specified in the contract.''

The mere fact that the contents of one of the cars so shipped had apparently been transferred enroute to another car could not, of itself, relieve defendants of their responsibility under their contract.

We answer the question certified as follows:—

The Court's findings in this case support his judgment overruling defendants' plea of privilege.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.