# APRIL, 1928

J. O. Berlowitz v. John F. Standley et al.

No. 4216.   Decided April 18, 1928.
(5 S. W., 2d Series, 963).

*J. A. Platt,* for appellant.   Where appellees made sales of cotton over telephone and agreed to deliver the cotton to appellant in the City of Houston, Harris County, Texas, at an agreed price per pound, middling basis, according to Houston, Texas, class and weight, and shipped said cotton by freight, consigned to themselves at Houston, and attached shipper's order bills of lading therefor endorsed by appellees to drafts drawn by them against appellant, sending said drafts, with said endorsed shipper's order bills of lading attached thereto, to a bank in Houston, Texas, at which place the drafts were paid by appellant, who then obtained the bills of

lading which he delivered to the railroad company and received the cotton, which was then weighed and classed in Houston, Texas, the sales having been confirmed in writing by letters sent by appellant to appellees, and appellees having also sent to appellant written invoices covering the shipments, which invoices set out the contracts covering the respective sales, in addition to information as to cotton shipped, such acts constituted written contracts to be performed by appellees in Houston, Harris County, Texas, and suit for recovery of the difference between the aggregate amount of the drafts and the value of the cotton, according to Houston class and weight, was properly brought in Harris County, Texas. Seley v. Williams, 50 S. W., 399; Malloy v. Industrial Cotton Oil Properties, 238 S. W., 984; Callender, Holder & Co. v. Short, 78 S. W., 366; Pittman & Harrison v. Sanders, 234 S. W., 412; Partin & Fugate v. Hawkins, 257 S. W., 571; Vernon's Sayles' Stats., Art. 1830, Sec. 5.

*Dean & Humphrey*, for appellees. The procuring of the bills of lading, the endorsements thereof, the drawing of the drafts, and the enclosure, where that was done, of invoices, were merely steps taken by defendants in carrying out the terms of the respective verbal contracts. The suit itself was upon the said several complete agreements, verbal contracts, made over the telephone, by and between plaintiff and defendants; and there is nothing in the certificate or otherwise in the record to indicate a complete contract, for breach of which this or any other action might have been brought, save the contracts made orally over the telephone. This being true, we submit that Art. 1995 of the Revised Civil Statutes of Texas rules this case. Burkett & Barnes v. Berry, 143 S. W., 1187; Southwestern Grain & Seed Co. v. Blumberg, 162 S. W., 1; Gottlieb v. Ainsworth, 229 S. W., 341; Valdespino v. Dorrance & Co., 207 S. W., 649; Griffith v. Gohlman, Lester & Co., 200 S. W., 235; Sanders v. George M. Hester Cotton Co., 195 S. W., 269; Harris v. Moller, 207 S. W., 961.

Mr. Justice GREENWOOD delivered the opinion of the court.

Certified question from the Court of Civil Appeals of the First Supreme Judicial District of Texas, in an appeal from Harris County.

The certificate of the Honorable Court of Civil Appeals reads as follows:

"J. O. Berlowitz brought this suit in the District Court of Harris County against John F. Standley, J. B. Standley, A. C. Standley,

O. W. Standley, D. F. Standley and W. W. Standley, parties doing business under the firm name of John F. Standley & Sons, all of whom were residents of counties other than Harris County. Plaintiff sued to recover the sum of $1,118.51, the alleged difference between the value of cotton purchased from defendants and the amount of drafts for the value of the cotton drawn on plaintiff by defendants and paid by him before receipt of the cotton.

"The defendants John F., D. F. and J. B. Standley filed their pleas of privilege to be sued in Walker County, the county of their residence, and where the business of the firm was conducted.

"The court sustained the pleas and ordered the cause transferred to the District Court of Walker County. From this order J. O. Berlowitz has appealed.

"Upon the issues joined by the parties upon the pleas of privilege it was shown that upon several dates between the 1st and 31st day of September, 1923, J. O. Berlowitz, who was engaged in the purchase and sale of cotton in the City of Houston, Harris County, Texas, and who was at Houston on the said several dates, called John F. Standley, who was at the time in Huntsville, Walker County, over the telephone, and by the telephone communication so had the parties entered into several contracts by the terms of which Berlowitz agreed to purchase from Standley & Sons, and Standley & Sons agreed to sell to Berlowitz, several lots of cotton. It was agreed in said conversations over the telephone that Standley & Sons were to deliver to Berlowitz a certain number of bales of cotton at Houston, in Harris County, upon each of the several contracts at an agreed price per pound, on basis middling cotton, Houston class and weights to govern. It was also agreed that as the cotton was shipped, Standley & Sons might draw drafts for the value of the several shipments and attach the same to the bills of lading, and that Berlowitz would pay said drafts when presented to him before the actual receipt, weighing and classification of the cotton at Houston. After each of the contracts was so made over the telephone, Berlowitz sent to Standley & Sons a confirmation letter, as follows:

" 'September 1st, 1923.

John F. Standley & Sons,
Huntsville, Texas.
Dear Sir:
    We confirm purchase from you today as follows:
    Quantity: 65 B/C.
    Quality: Basis middling, unculled as to staple.

Price: 24/70 B/M landed.

Terms: Landed Houston. Houston class and weights guaranteed.

Delivery: Immediate shipment to Houston, through flat.

Reimbursement: Sight draft on us with original B/L attached.

Note: This confirmation in duplicate; please sign the duplicate and return.

Remarks: Settlement of claims, if any, to be made in Houston.

.Very truly yours,

J. O. Berlowitz Co.

Accepted:

By ...............................

Date...............................

"These letters were received by Standley & Sons but were never signed by them, nor otherwise agreed to in writing, so far as shown by the record.

"In pursuance of these contracts the number of bales of cotton contracted for were shipped to Houston upon bills of lading by which the shipment was consigned to 'Shipper's order. Notify J. O. Berlowitz Co.' There were a number of these shipments. Some of them were made in the name of appellees, but the bills of lading for many of them were, under the instructions of appellees, taken out in the name of the Huntsville Gin & Wharf Company, and endorsed by that company for appellees' account. For each of these shipments appellees drew a draft on appellant and attached thereto the bill of lading for the shipment. These drafts were sent by a bank at the place of shipment to a bank at Houston for collection and were paid by appellant before the cotton was received by him. Invoices were also sent by appellees to appellant for most of these shipments. These invoices were usually sent with the bills of lading and all contained a statement of the weight and number of each bale of cotton and the amount of the draft drawn for the shipment. All of these invoices, except one for five bales shipped by the Huntsville Gin & Wharf Company on September 11, also stated that.the cotton covered thereby was sold to J. O. Berlowitz and shipped 'subject to Houston class and weight.'

"The five bales above mentioned were shipped under a contract for 65 bales and the invoices for the balance of the cotton shipped under this contract contained the statements above set out.

"This five-bale shipment was the only one upon which a difference in the weight stated in the invoice and the actual weight at Houston was shown, and this difference was only six pounds.

"In every instance the number of bales contracted to be sold and shipped by Standley & Sons were in fact shipped and were received at Houston by Berlowitz, but when the cotton was classed and weighed at Houston, Berlowitz claimed that it was shown to be short in weight and class, and as a consequence the value placed upon it by Standley & Sons, which was paid by Berlowitz, exceeded the actual value ascertained by a calculation based upon Houston weights and classification and at the contract price in the amount before stated.

"As the members of this court entertain different views as to whether by the contracts made, including the invoices, drafts and bills of lading shown by the facts above stated, Standley & Sons, as a matter of law, were suable in Harris County for the excess paid them by J. O. Berlowitz upon the drafts shown to have been drawn by them, and as there seems to be no decision by the Supreme Court clearly establishing the rule to be applied in such cases, we deem it advisable to submit to Your Honors the following question:

"Upon the facts stated, was defendants' plea of privilege properly sustained?"

Under the telephone contracts the cotton was sold on condition of payment of the sellers' drafts. The sale would remain incomplete, with title in the sellers, until this condition was complied with. Lang v. Rickmers, 70 Texas, 110, 7 S. W., 527. The bills of lading and the sight drafts constituted written contracts on the part of the sellers to deliver at Houston, in Harris County, cotton of such weights and grades as would be worth, at the contract prices, the amounts of the drafts. Marcus v. Armer, this day decided (117 Texas, 368, 5 S. W., 2d Series, 960); Callender v. Short, 34 Texas Civ. App., 364, 78 S. W., 367. The invoices accompanying the bills of lading attached to the sight drafts constituted written guaranties by the sellers of the delivery at Houston of cotton equal in value to the amount of the drafts, when such value was determined under Houston weights and classifications. Scott & Mayhall v. Lubbock Grain & Coal Co., 113 Texas, 127, 252 S. W., 164; Turner v. Riverside Cotton Oil Company, 113 Texas, 143, 252 S. W., 1060; Patterson v. Smith Bros. Grain Co., 113 Texas, 147, 252 S. W., 1058. With the written contracts obligating the sellers to deliver the cotton in Houston and reserving title in the sellers until the sight drafts

were paid, suit was properly brought in Harris County under Subd. 5 of the venue statute.

Appellees contend that the parties made a complete oral contract by telephone, and that appellant's suit is merely for breach of such oral contract. The parties did orally agree on various terms of the contract of sale. But, as verbally stipulated, the cotton was to be delivered in accordance with writings to be executed by the sellers, which writings were, in effect, to obligate, and did obligate, the sellers to deliver the cotton at Houston only after the payment there of sight drafts representing the cotton's purchase price. The fact that the written obligation of the sellers accords with that imposed under the initial telephone offer and acceptance in nowise prevents the maintenance in Harris County of appellant's suit to enforce the sellers' written obligation.

In the case of Turner v. Riverside Cotton Oil Co., 113 Texas, 143, 252 S. W., 1060, a complete agreement was reached for the sale of cottonseed by negotiations conducted verbally by telephone. While no written confirmation was required or contemplated, the sellers forwarded to the buyer a letter confirming the sale and guaranteeing weights. In the buyer's suit against the sellers for damages arising from a shortage in weights, it was determined that the sellers became bound, by their letter of confirmation, if not otherwise, to deliver the correct quantity of cottonseed at destination, and that suit for damages for breach of the sellers' obligation was maintainable in the county where the cottonseed were deliverable. In the opinion it is said:

"The defendants voluntarily reduced the substance of their verbal contract, as they understood it, to writing and in such writing promised to perform at once, and included therein their guaranty of weights as stipulated in the verbal contract. They mailed this written confirmation to plaintiff. The evident purpose of this action was to express their understanding of such contract in writing and to serve notice of such understanding on plaintiff. No reply thereto was required to bind defendants by their own written construction and confirmation of the contract. It was sufficient that plaintiff acquiesced, accepted performance from them and complied with all conditions required of him."

If a voluntary written offer by one party to a contract of sale, accepted by the other, sustains the venue, as was held in Turner's case, there can be no question that such a written offer by one party, accepted by the other, must likewise sustain the venue when sup-

ported by the original consideration for the contract and the original understanding of the parties.

Under the facts stated in the certificate of the Honorable Court of Civil Appeals, appellant's suit was for breach of appellees' contract in writing to perform an obligation in Harris County, and hence appellees' plea of privilege was improperly sustained. We answer the question certified in the negative.