## STEVENS–SMITH GRAIN CO. v. HEID BROS., Inc. (No. 2288.)

Court of Civil Appeals of Texas. El Paso.
May 9, 1929.

Rehearing Denied May 30, 1929.

Isaacks & Lattner, of El Paso, and Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellants.

J. U. Sweeney and J. E. Quaid, both of El Paso, for appellee.

WALTHALL, J. This case presents an appeal from an order of the district court overruling a plea of privilege of appellants to be sued in the county of their residence.

Heid Bros., Inc., plaintiff, brought this suit in El Paso county against defendants C. E. Stevens and T. A. Smith of Lorenzo, Crosby county, Tex., a partnership doing business in Crosby county under the firm name of Stevens-Smith Grain Company, alleging that plaintiff and defendants entered into a contract as a result of communications theretofore had wherein defendants agreed to fur-

nish plaintiff five cars of milo maize to be shipped plaintiff f. o. b. cars Lorenzo, Crosby county, at prices stated, on official or destination weights and grades, and to be governed thereby, a copy of which contract attached to the petition and made a part thereof. Plaintiff alleged that it performed its contract and paid to defendants the sum of $1,909.58, and that, after doing so, plaintiff discovered that defendants had not shipped the grain according to official or destination weights, grades, and classifications, but of an inferior quality and grade, below contract grade, to plaintiff's damage, for which it sues.

Defendants filed a plea of privilege to be sued in Crosby county.

Plaintiff filed a controverting plea, setting out the matters contained in its petition and contract attached thereto, and from which it is more fully made to appear. On the hearing on the pleas, the following stipulation by the parties was offered in evidence as constituting the contract in the case:

"That the defendants both reside in Crosby County, Texas, and that neither of them have ever lived in El Paso County; that the following correspondence between plaintiff and defendants was had:

"On October 6th the defendants wired from Lorenzo, Texas, to the plaintiff at El Paso:

" 'Offer five to ten cars No. 2 Milo Texas grain one twenty F. O. B. Lorenzo.'

"On the same date the plaintiff answered this wire from El Paso to Lorenzo as follows:

" 'Answering can use two cars shipment within one week at one twenty per hundred FOB Lorenzo and three cars October shipment your option one fifteen per hundred FOB Lorenzo strictly bright number two milo subject your immediate wire acceptance.'

"On October 7th the defendants wired plaintiff from Lorenzo to El Paso, as follows:

" 'Book five cars milo as per your telegram.'

"After the receipt of the last quoted telegram on October 7th, the plaintiff wrote the defendants the following letter attached hereto and including the following confirmation:

" 'Confirmation of Purchase

" 'Heid Bros., Inc.,

" '(Omitting letterhead)

" 'El Paso, Texas. October 7, 1927. " 'Number 422

" 'To Stevens Smith Grain Company, Lorenzo, Texas:

" 'This will confirm purchase of you of October 7, 1927 by wire through office for Five Cars Bright No. 2 Milo

" 'Grade Official or destination weights and grades to govern

"Price First shipment two cars at $1.20 basis "October " three " " $1.15 basis

" 'F.O.B. Lorenzo, Texas

" 'Time of shipment Two cars shipped within one week—Three cars October Shipment, your option.

" 'Terms of settlement Usual

" 'Route draft through First National Bank, El Paso, Texas.

" 'Route shipment via Bill to Heid Bros., Inc., El Paso, Texas, flat billing from Lorenzo, Texas.

" 'Remarks: All amounts due Heid Bros., Inc., under this contract are payable at the office of Heid Bros. Inc., El Paso, El Paso County, Texas.

" 'If the above confirmation is not in accordance with the facts advise us immediately by wire. Your failure to advise us immediately of errors is acknowledgment of the contract as above.

" 'Yours truly, Heid Bros., Inc.

" 'By ————.'

"The letter above referred to is as follows, to-wit:

" 'Oct. 7, 1927.

" 'Stevens-Smith Grain Company, Lorenzo, Texas—Gentlemen: As per exchange of telegrams, we confirm purchase of you covering two cars Bright No. 2 Milo in bulk at $1.20 f.o.b. cars Lorenzo, for shipment within one week, and also three cars at $1.15 per hundred for shipment your option October.

" 'We would like mighty well to have you rush us the entire five cars at your very earliest convenience. Please let us have car numbers on the first two cars Monday, if possible. As stated, these cars are to be shipped to ourselves El Paso, Texas, and your drafts are to be sent on our firm care of the First National Bank, El Paso, Texas.

" 'It is our understanding that you will load these cars at Lorenzo and bill them to us at El Paso, so, of course, this will be flat billing. It may be possible that we will want to divert some of these cars to some of our customers in New Mexico or Arizona, and for this reason we will want it to move on flat billing.

" 'We enclose herewith Confirmation of Purchase.' " (Then follows in the letter matter not necessary to state.)

Plaintiff offered in evidence its original petition.

It was admitted by the parties that the letter and confirmation of purchase were received by defendants before they drew their drafts on plaintiffs for the amounts due, and that the cars of grain in question were shipped by defendants to plaintiff according to the confirmation, and that they came to El Paso, but were diverted.

Other facts are made to appear, such as the shipment of the grain by defendants to plaintiff, the receipt of the shipments, the drawing of the drafts on plaintiff for the

grain with bills of lading attached, and their payment.

The trial court overruled the plea, and from that ruling defendants prosecute this appeal.

## Opinion.

Appellants suggest error in overruling their plea of privilege, in that it is nowhere shown that appellants contracted in writing to perform any obligation in El Paso county; it appearing that appellants sold the grain to be delivered f.o.b. cars, Lorenzo. Appellants insist that a complete agreement for the sale and purchase of the grain was made by the telegrams, and that the subsequent letter of confirmation by appellee was not, and cannot be, considered a part of the contract of sale and thereby guarantee satisfaction in grade at destination.

Our Supreme Court has definitely settled that question against appellants' contention, in effect, as we view it, that, even where no written confirmation of a parol contract was required or contemplated, a letter confirming a sale or purchase, as the parties to the sale contract understood it, and guaranteeing grades and weights at the place of destination, the letter of confirmation of the agreement becomes a part of the agreement, and serves notice of the understanding of the writer of the letter of such agreement, and, where the other party acquiesced and accepted performance as in the confirmation letter, a suit for damages for breach of the seller's obligation is maintainable in the county where the delivery is to be made. Berlowitz v. Standley et al. (Tex. Sup.) 5 S. W.(2d) 963; Turner v. Riverside Cotton Oil Co., 113 Tex. 143, 252 S. W. 1060.

Here appellants' telegram to appellee, as to quality, offered "No. 2 Milo Texas grain." Appellee's answer as to quality of the grain added the words "strictly bright." Appellants' reply of acceptance, "book five cars as per your telegram." Appellee's letter of confirmation added to above: "Grade official or destination weights and grades to govern." It directed the route of the draft to be drawn and place of payment, and added that, if the above confirmation is not in accordance with the facts, "advise us immediately by wire," and that appellants' failure to advise appellee immediately of errors is acknowledgment of the contract as stated in the letter of confirmation. The letter was received before shipment, and acquiesced in and acted upon. As said in Berlowitz v. Standley, supra, the seller became bound by the confirmation letter as a part of the contract, and the suit is maintainable in the county where the grain was deliverable, under subdivision 5 of article 1995, the statute providing that, if a person has contracted in writing to perform an obligation in a particular county, suit may be brought in such county, or in the county where the defendant promisor has domicile.

There was no error, as we understand the authorities above referred to, in overruling the plea.

The case is affirmed.