## PEYTON PACKING CO. v. SWEETWATER COTTON OIL CO.

### No. 1255.

Court of Civil Appeals of Texas. Eastland.

April 6, 1934.

Rehearing Denied May 4, 1934.

Douthit, Mays & Perkins and Beall, Beall & Beall, all of Sweetwater, and O. R. Armstrong and Leo Jaffe, both of El Paso, for appellant.

Edward J. Hamner and P. Edward Ponder, both of Sweetwater, for appellee.

HICKMAN, Chief Justice.

Appellee sold to appellant 29 carloads of cottonseed hulls. There were several separate contracts in writing evidencing the terms of the sales, in each of which the price to be paid was stated at a definite amount per ton delivered at El Paso. When the first contract was made, five carloads of these hulls were in transit from points outside of Texas consigned to appellee at Sweetwater. These cars were diverted and consigned by appellee to appellant at El Paso. The other 24 carloads were purchased by appellee from Buckeye Cotton Oil Company at Memphis, Tenn., and Refugio (or Refuge) Oil Company at Vicksburg, Miss., the bills of lading naming appellant as consignee. These bills of lading were sent by the consignor directly to appellee who in turn attached them to demand drafts drawn on appellant through an El Paso bank. Each of these drafts was for the contract price of the quantity of hulls represented by the attached bill of lading, less the freight charge. All of these several drafts were paid by appellant and the several bills of lading attached to same were thereupon delivered to it by the bank. Appellant then paid the freight charges demanded by the railroad company. The total amount paid by appellant to take up the drafts and to the railroad company as freight charges was the exact amount which it contracted to pay appellee for the hulls. Appellee did not draw the drafts for the full purchase price of the hulls with instructions to the bank to accept paid freight bills in part payment thereof, but drew them for the purchase price, less the freight charges according to the published tariffs.

After all the shipments had been received by appellant, it was discovered that an excessive charge of 7 cents per 100 pounds had been made by the railroad company, because of a freight rate differential on cottonseed hulls from Memphis, Tenn., and Vicksburg,

Miss., to El Paso, Tex., which had not been published, as required by law, and the existence of which was unknown to the railroad company, to the shippers, to appellee, and to appellant when the drafts were drawn and the freight charges paid. The amount of the excess freight paid on account of this error was $825.84, and each of the parties hereto made claim for the rebate. The railroad company made the rebate to appellant upon its executing an indemnity bond to save it harmless from any claims thereto that might be made by other parties.

This suit was instituted by appellee against appellant and the Texas & Pacific Railroad Company to recover the amount of this excess freight. The appellant answered that the contract to deliver the hulls at El Paso had been modified or novated by the appellee in the drawing of the drafts with the bills of lading attached, and that such novation was accepted by the appellant who had, in accordance with said changed contract, paid the drafts, and had also paid the freight charged, not as agent of the seller, but as a vendee. A jury was impaneled, but the evidence developed no disputed fact issues for its determination, and peremptory instructions were, therefore, given. As between appellee and the railroad company, the jury was instructed to return a verdict in favor of the latter, and as between the appellee and appellant, it was instructed to return a verdict in favor of the former against the latter for $825.84. Upon the verdict returned in accordance with the instructions, judgment was entered that appellee take nothing by its suit against the railroad company, and that it recover of appellant the amount specified. The appeal is from that judgment. No appeal was prosecuted by appellee from that portion of the judgment denying it any recovery against the railroad company, and we do not, therefore, have presented any question with reference thereto.

Appellant's theory is well stated in its first assignment of error as follows:

"The trial court erred in refusing to give a peremptory instruction for appellant, because the parties having agreed that the freight was not prepaid on any of the hulls shipped, and that the appellant paid the freight at El Paso, Texas to the railroad company on each car of cottonseed hulls involved in this suit, and that each and every bill of lading involved in this suit was issued by a shipper other than the appellee, naming the appellant as consignee; and having further agreed that each draft drawn by appellee was for an amount of money less than the amount specified in the confirmation contract, and the terms of shipment being different in the confirmation contract, and in the drafts attached to the bills of lading, such agreed statement of facts shows an entirely modified and changed purchase price."

 In determining the soundness of this proposition it must be considered in the light of the undisputed facts in this record. These essential facts are: (1) Appellant obligated itself to pay appellee a stipulated price per ton for these hulls delivered at El Paso; (2) the amount paid by appellant, taking into account the rebate on freight, was $825.84 less than the total amount which it contracted to pay; (3) in drawing the several drafts, appellee was mistaken as to the freight rate, which mistake was also shared by the appellant and the railroad company. In order to effect a novation between the same parties by the substitution of a new obligation for the old, the consent of both parties that the agreement is to have that effect must appear. It is not essential that this consent be by express agreement, but it may be inferred from the facts and circumstances. Strange v. Cooper Groc. Co. (Tex. Civ. App.) 4 S.W. (2d) 232; Darby v. Farmers' State Bank (Tex. Civ. App.) 253 S. W. 341; Austin v. Guaranty State Bank (Tex. Civ. App.) 300 S. W. 129; Kohn v. Zaludek (Tex. Civ. App.) 38 S.W.(2d) 110; Pierce Fordyce Oil Ass'n v. Woods (Tex. Civ. App.) 180 S. W. 1181. The facts and circumstances in the instant case fail to indicate an intention on the part of appellee to accept less than the price named in the contracts. A mistake as to the correct freight charges accounts for the method of collection adopted by appellee. The least that would have to appear, in order to warrant the inference that appellee intended or consented to enter into a new contract as a substitute for the old, would be that it did so with full knowledge of all the material facts.

Appellant relies upon the opinion of this court in Atwood Cotton Breeding Farms v. Midway Farmers' Co-operative Soc., 42 S.W. (2d) 796, and the following cases therein cited: Marcus v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A. L. R. 672; Berlowitz v. Standley, 117 Tex. 362, 5 S.W.(2d) 963; Malone v. Dawson, 117 Tex. 377, 5 S.W.(2d) 965, 60 A. L. R. 665. Those cases are clearly distinguishable from the instant case by the fact that in them the parties acted with knowledge of the facts, and not, as in this case, through mistake as to the facts. That same fact distinguishes

this case from the case of E. H. Perry & Co. v. Langbehn, 113 Tex. 72, 252 S. W. 472. "It requires the same mutuality to vary or modify a contract as it does to create it in the first instance, since the modification is only a species of contract; and a meeting of the minds of the parties is equally essential." 10 Tex. Jur. p. 356, § 203. It could not be reasonably inferred that the minds of these parties ever met on the terms of a new contract. The existence of a mistake as to the facts precludes that inference.

■ There is an assignment complaining of the error of the trial court in permitting a witness for appellee to testify that the original contract was not modified, the objection to such testimony being that the bills of lading and drafts were the best evidence of the fact and could not be varied by parol. The undisputed facts authorized the peremptory instruction without regard to this testimony, and its admission was, therefore, clearly harmless.

We have considered all of appellant's assignments and are of the opinion that none of them present reversible error. The judgment of the trial court is accordingly affirmed.