### GILMORE et al. v. TRANSIT GRAIN & COMMISSION CO.

No. 14629.

Court of Civil Appeals of Texas.

Fort Worth.

June 2, 1944.

Rehearing Denied July 7, 1944.

Harry J. Schulz, of Three Rivers, for appellants.

Simon & Simon and Henry W. Simon, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Transit Grain & Commission Company, as plaintiff, sued Thomas S. Gilmore, Sr. and Thomas S. Gilmore, Jr., in Tarrant County to recover damages for breach of a contract of defendants to sell and deliver five car loads of grain to plaintiff. Defendants, residents of Live Oak County, filed their pleas of privilege to be sued in the county of their residence. Plaintiff controverted on the ground that the suit was based on a contract in writing which bound defendants to perform in Tarrant County. Art. 1995, Section 5, as amended, Vernon's Texas Civil Statutes.

Without the intervention of a jury, the trial court overruled the pleas of privilege. Defendants appeal.

No separate findings of fact were filed by the trial court, nor was there any request for such. We must therefore presume that the trial court found the facts to be in support of his judgment, if there was evidence to warrant such findings; and in testing the sufficiency of the evidence to support such implied findings we must consider only the evidence which tends to support the judgment, and disregard the evidence to the contrary.

There was sufficient evidence to show that a representative of plaintiff made an agreement over the telephone with defendants to purchase the five cars of grain, and told defendants that a written confirmation would follow. Plaintiff promptly sent the written confirmation to defendants. The written confirmation provides that the contract is performable in Tarrant County, and contains a clause reading as follows: "It is agreed that this confirmation is a part of the contract, and its acceptance without objection or notification by wire to Transit Grain and Commission

Company of error herein, is acknowledgment of contract as above."

The written confirmation was accompanied by a letter of transmittal containing the following statement: "As is customary we are enclosing herewith a copy of our contract with the word 'Accepted' on it, and after reviewing our letter and this contract we ask that you sign this copy and return it to our files, which is the customary procedure and ethics of the grain business."

Defendants did not sign or return a copy of the confirmation, nor did they ship the grain to plaintiff. Instead, they sold it to another buyer. A few days after the purchase was made, one of plaintiff's representatives talked to one of the defendants over the telephone, and was told by said defendant that they would load the grain as soon as they could, and that they were loading one car that day. Plaintiff's representative asked said defendant if he had received the confirmation, and received an affirmative reply. This defendant testified to the contrary on the venue hearing, but, as we have said, we must consider here only the evidence which tends to support the judgment of the court below.

Defendants argue that the letter of transmittal must be considered along with the confirmation, and that the typewritten letter is controlling if it be in conflict with the printed confirmation. Defendants argue that the provision of the letter, above quoted, shows that it was not intended that the confirmation should become binding until "accepted" by defendants, and copy returned to plaintiff. We do not consider the terms of the confirmation as being in conflict with the quoted portion of the letter, especially when the remainder of the letter is considered. The letter as a whole clearly indicates that plaintiff did not consider, and that the terms of the letter could not reasonably have caused defendants to believe, that the agreement to purchase and sell was yet to be made when and if defendants should "accept" the confirmation and return a copy to plaintiff. The controversy in this case is proof enough that it would have been desirable from plaintiff's standpoint to have a signed

acceptance, but the provisions of the written confirmation were sufficient to advise defendants that they would be bound by it unless they notified plaintiff to the contrary. It may be reasonably inferred from the telephone conversation had with one of the defendants a few days after the sale had been made, above described, that defendants received the confirmation and took no steps to notify plaintiff of any errors in it.

In a somewhat similar case this court has held that such a written confirmation of purchase will support venue, although signed only by the plaintiff. Universal Mills v. Lasseter, Tex.Civ.App., 87 S.W.2d 343. For other cases to the same· effect see Pittman Harrison Co. v. B. F. Robey & Co., Tex.Civ.App., 234 S.W. 1114; Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792; and Stevens-Smith Grain Co. v. Heid Bros., Tex.Civ.App., 18 S.W.2d 210, writ of error dismissed.

Appellants assert error in the admission in evidence of certain letters and telegrams sent by plaintiff to defendants subsequent to the date of the alleged purchase. The trial having been before the court, without a jury, and there being competent evidence to support his judgment, we will presume that his judgment was based on the competent evidence, there being nothing in the record to indicate the contrary. In admitting the letters in question the court stated that he would not consider them insofar as they were hearsay or constituted self-serving declarations.

Appellants also complain of the admission of testimony to the effect that there was a universal custom in the grain business to confirm purchases in the manner followed in this instance. The error is charged on the grounds that custom was not pleaded, and was not shown to exist in Live Oak County. The error, if any, must be treated as harmless because there was other competent evidence to support the judgment. The confirmation was sufficient to constitute a contract in writing, within the meaning of the venue statute, whether it was in accord with custom or not.

All points of error are overruled, and the judgment of the trial court is affirmed.