**DAUGHERTY GRAIN CO. v. S. T. OATES GRAIN CO.**

No. 14737.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 7, 1945.

Rehearing Denied Jan. 11, 1946.

W. C. Wofford, of Taylor, for appellant.

Richard Owens, of Fort Worth, for appellee.

SPEER, Justice.

This is a venue suit, raised by the plea of privilege filed by defendant. Plaintiff S. T. Oates, doing business as S. T. Oates Grain Company, a resident of Tarrant County, sued William Daugherty, Jr., doing business as Daugherty Grain Company, a resident of San Patricio County, Texas, to recover certain sums of money alleged to be due plaintiff by defendant, growing out of dealings between the parties.

The substance of the material parts of plaintiff's allegations is that at given times he entered into written contracts with defendant whereby he purchased from defendant several cars of grain, at specified prices and in cars of certain capacities; that payment for the grain was to be made by plaintiff under an agreement that defendant would draw drafts on plaintiff with bills of lading attached, through any bank in Fort Worth, Texas.

Certain of the items sought to be recovered grew out of the failure of defendant to ship the cars of grain ordered and plaintiff, having contracted to sell such grain to his customers, was required to purchase the grain on open market at higher prices than those agreed to be paid to defendant, and deliver such grain so purchased to his customers.

Other items involved grew out of shortages in weights and penalties by the carrier occasioned by the cars not being loaded to their respective capacities, before he could receive the grain.

Defendant timely filed his plea of privilege to be sued in the county of his residence. Plaintiff filed his controverting affidavit, repeating much that was contained in his petition and by appropriate references made the petition a part of his controverting affidavit, and relied upon exception No. 5 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, that is, that the contract was one in writing in which defendant agreed to perform in Tarrant County, Texas. No contention is made by either party that the pleadings were insufficient.

Trial of the venue issues was to the court; judgment was entered overruling the plea of privilege and defendant has appealed.

Defendant's points of error attacking the judgment are in substance (a) There was no evidence tending to show that defendant agreed in writing to perform the contract of sale in Tarrant County, and (b) the evidence failed to show any exception to exclusive venue under the statutes of Texas.

Under the facts in this case as disclosed by the uncontradicted testimony of plaintiff, we think the judgment of the trial court must be sustained.

The facts upon which this appeal rests, as disclosed by this record, are substantially: That plaintiff was a wholesale grain dealer in Tarrant County, buying and selling grain in carload lots all over the county. That all wholesale grain business is conducted by telegraph or telephone, and then confirmations are sent. Over a period of two months or more during the summer of 1945, plaintiff would call defendant on

the phone and ascertain if defendant had what he wanted and the price at which it could be purchased, and if satisfactory, would tentatively buy it; that on the same day or the next, plaintiff would mail to defendant a written confirmation, in which would be contained: the purchase number, the number of cars with designated capacities, quality of grain, price, destination of grain, and certain other things not necessary to mention here. All letters of confirmation contained this language: "Make drafts, ladings attached, on us at Fort Worth through any Fort Worth bank * * *. If no objections taken to this contract immediately by wire or phone, we shall consider you have accepted same as final." Thereafter in each instance in which defendant shipped grain, he billed it to plaintiff, procured bill of lading and attached it to draft drawn on plaintiff at Fort Worth, Texas. The drafts were paid and the bills of lading thus procured by plaintiff entitled him to the possession of the car or cars of grain. That part of plaintiff's cause of action grew out of shortages in weights and additional amounts required by the railway company because the cars were not loaded to capacity. That the buyer (Oates) did not get possession and control of the several carloads of grain until he paid the drafts drawn by the seller and procured the bills of lading, and that the drafts were paid and possession of the ladings were procured before arrival of the grain. That the cars of grain were billed for delivery at Houston and San Antonio. In response to an inquiry by his counsel, Oates testified that after he paid the drafts and procured the bills of lading, he had a right to divert shipments for delivery to any destination he desired.

Whether or not plaintiff sustained any damages, and the amounts if any, will be involved when the case is tried on its merits and are matters of which we have no concern in this appeal.

There was no specific pleading by plaintiff of custom in the wholesale grain business, but the testimony was given without objection by defendant and it falls within Rule 67, Texas Rules of Civil Procedure.

Plaintiff's claims are composed of two different kinds of items; no point is raised by defendant as to the item of damages for failure to deliver certain grain contracted by him to be delivered to plaintiff, but in any event, plaintiff was authorized by Rule 51 to sue on all claims held by him against defendant in the same suit.

Under the above facts, defendant (appellant) cites and relies upon such cases as Smith Grain Co. v. H. H. Watson Co., Tex.Civ.App., 285 S.W. 868; Sugarland Industries v. Universal Mills, Tex.Civ.App., 275 S.W. 406; Watson v. Howe Grain & Mercantile Co., TexCiv.App., 214 S.W. 843, and Ferguson v. Sanders, Tex.Civ.App., 133 S.W.2d 806. In the cited cases, with the exception of the last, there is language used which supports defendant's contention. The last-cited case (Ferguson v. Sanders) was decided upon a different state of facts to the one before us and distinguishes that case from the rule which we believe is contrary to that asserted by defendant.

Judgment entered in a venue hearing is interlocutory, but is one made appealable. In the main, Courts of Civil Appeals have final jurisdiction of such appeals, but the Supreme Court has jurisdiction also in cases of conflicts and when certified by the intermediate courts. It is our imperative duty to follow the lead of our Supreme Court when it has spoken on a question.

The sole question before us is: Do the conditions and circumstances revealed by the pleadings and evidence in this case constitute a promise by defendant to perform these contracts of sale in Tarrant County?

Marcus et al. v. Armer et al., 117 Tex. 368, 5 S.W.2d 960, 60 A.L.R. 672, was a certified question involving substantially the same question before us. That case has been consistently followed by all of our appellate courts since it was handed down; see Shepard's Citations; they are too numerous to cite here. In that case the purchaser was temporarily in the home county of the seller and orally agreed to purchase a carload of cottonseed and deposited $100 to apply on the purchase price. Later, the purchaser who resided in another county, wrote the seller to ship the seed to Austin, Texas, and to draw on him there by draft with bill of lading attached. The seller loaded the car and procured bill of lading, attached it to a draft for the amount unpaid and sent all to the Austin bank for collection and delivery of the bill of lading. Having thus procured the bill of lading the purchaser received the car of cottonseed from the railway company. A suit by the

...807

buyer for failure of quality followed, and the seller plead his privilege. The court held that the "shipper's order" transaction passed the title of the seed to the buyer at Austin, that it was a contract in writing, and that the suit was properly maintainable in Travis County under exception 5 of Article 1995, R.C.S., as amended. To the same effect are the cases of Berlowitz v. Standley et al., 117 Tex 362, 5 S.W.2d 963; Malone v. Dawson, 117 Tex. 377, 5 S.W.2d 965, 60 A.L.R. 665. All three of these opinions were handed down by the Supreme Court on the same day. The rule there announced was followed in Oliver v. Gallagher, C. J., 119 Tex. 178, 26 S.W.2d 903 (mandamus) and Farmers' Seed & Gin Co. Inc. v. Brooks 125 Tex. 234, 81 S.W.2d 675 (certified).

In the cited cases, the rules of law were announced to the effect that the title to the grain passed at the point where the purchase and sale were consummated; that is, if by oral purchase the consideration was paid and delivery made where purchased, the title to the grain passed there, but even if the sale and purchase were consummated by parol on the telephone or otherwise, the parties had the right to, thereafter, close the deal by delivery by the seller at another place and transport it to the buyer under shipper's order, bill of lading attached and that the title passed to the buyer when he paid the drafts and thus procured the bills of lading entitling him, for the first time, to the title and possession of the grain. That the shipper's order, drafts, and bills of lading evidenced the intentions of the parties as to when the title to the grain should pass from the seller to the buyer. That it constituted a modification of the agreement to sell and buy, made on the telephone, and was an offer in writing by the seller accepted by the buyer, making the place of payment of the purchase price and receipt of the bill of lading the place of delivery by the seller. In Berlowitz v. Standley, supra [117 Tex. 362, 5 S.W.2d 964] it was observed by the court that while the seller did not sign the letter of confirmation sent by the buyer, in which he was requested to send the grain "sight draft on us with original B/L attached", his compliance therewith was a sufficient ratification and bound him, although he had not signed it. That the seller retained the title until the drafts were paid and the bills of lading delivered by the railway company to the buyer. In Malone v. Dawson, supra, the same principles were announced and

further that the shipper's order, drafts, and bill of lading plan were a sufficient promise in writing by the seller to deliver the grain where the title passed, that is, in this case, at Fort Worth, in Tarrant County.

It is impossible to harmonize the many opinions written by the various Courts of Civil Appeals with other courts of equal jurisdiction, but as indicated above, we feel impelled to follow the Supreme Court when it has spoken as it has in the cited cases.

We believe the trial court properly construed and applied the law as announced by the Supreme Court in the above-cited cases, and it is our order that the judgment be affirmed. It is so ordered.