## HEARD v. COMMODITY PRODUCTS CO.
### No. 14974.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 15, 1948.

Rehearing Denied Nov. 12, 1948.

James W. Witherspoon, of Hereford, and McGown, McGown, Godfrey & Logan, Harry L. Logan, Jr. and R. W. Decker, all of Fort Worth, for appellant.

Simon & Simon and Henry W. Simon, all of Fort Worth, for appellee.

HALL, Justice.

Appellee, Commodity Products Company, a corporation, doing business in Tarrant County, Texas, sued appellant, George G. Heard, a resident of Deaf Smith County, Texas, in a District Court of Tarrant County, Texas, alleging as a cause of action breach of a written contract between the parties performable in Tarrant County, Texas, wherein appellant is alleged to have agreed to sell and deliver to appellee certain dehydrated alfalfa meal and that such shipments have not been fulfilled by appellant, thus damaging appellee.

This is an appeal from an order overruling appellant's plea of privilege to be sued in Deaf Smith County.

Appellee endeavors to maintain venue in Tarrant County under subdivision 5 of Article 1995, R.C.S., as amended, Vernon's Ann.Civ.St., which is as follows: "5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Appellant contends that the four contracts enumerated do not obligate him to perform in Tarrant County, Texas. That portion of the written contract which appellee relies upon to maintain suit against appellant in Tarrant County, Texas, reads as follows: "Terms: Demand draft—Fort Worth National Bank. We will furnish you with shipping instructions against this order. Price: $44.00 a ton f. o. b. car Hereford, Texas. Weights and quality guaranteed at destination when shipments arrive in original cars."

Appellee further relies on said subdivision 5 to maintain venue in Tarrant County because of a prior course of dealings between the parties and the parties' interpretation of the contracts indicated by implication that the contracts meant "demand draft with bill of lading attached—Fort Worth National Bank"; therefore it contends appellant was obligated to make a symbolic delivery of the products at Fort Worth in Tarrant County, Texas. This proposition is not tenable because the phrase "with bill of lading attached" is not in the contract sued upon.

Appellee relies principally upon two cases by this court to maintain its contentions, to-wit: Daugherty Grain Co. v. S. T. Oates Grain Co., Tex.Civ.App., 191 S. W.2d 804, 806, and R. C. Stephenson v. S. T. Oates, dba Oates Grain Co., Tev.Civ. App., 213 S.W.2d 855. It is noted in both of the above cases that the wording "bill of lading attached" is present, while in the instant case such important phrase is missing. See the following cases by the Supreme Court: Marcus et al. v. Armer, 117 Tex. 368, 5 S.W.2d 960, 60 A.L.R. 672; Berlowitz v. Standley et al., 117 Tex. 362, 5 S.W.2d 963; and Malone et al. v. Dawson et al., 117 Tex. 377, 5 S.W.2d 965, 60 A.L.R. 665.

This court held recently in the case of Cunningham et al. v. Allison et al., Tex. Civ.App., 202 S.W.2d 297, that a written contract, such as the one in question, is not sufficient to obligate a non-resident seller to perform an act in a county merely be-

cause the purchaser agrees to pay for the merchandise therein, and parol testimony or custom cannot supply the missing link in the written contract in order to maintain venue under Section 5 of said Act, especially when the contract is unambiguous.

In view of that fact that the contract in question does not plainly provide that an obligation, for the breach of which appellant is sued, is to be performed in a county different from that in which he resides, we reverse the judgment of the trial court in overruling appellant's plea of privilege and order the case transferred to Deaf Smith County, Texas, under Rule 89, Texas Rules of Civil Procedure.