## VINCENT et al. v. CONTINENTAL GRAIN CO.

### No. 14032.

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1953.

Rehearing Denied March 5, 1953.

H. A. Berry, Amarillo, Tex., James W. Witherspoon, Hereford, Tex., Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Tex., for appellant.

Wm. H. Evans, Lubbock, Tex., Klett, Bean & Evans, Lubbock, Tex., for appellee.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

Appellee, as assignee of Clayton Carter, filed this suit against J. H. Vincent to recover damages alleged to have resulted from Vincent's breach of a contract entered into between him and Carter "by telephone conversation which was later confirmed in writing." Carter, the only witness called to testify, related that on June 5, 1947, he had a telephone conversation with Vincent which resulted in his agreeing to buy, and Vincent agreeing to sell, two million pounds

of grain for future delivery. All of the terms of the contract were agreed upon during the course of this conversation. On the same date he mailed to Vincent the original copy of a confirmation of the purchase, containing all of the terms of the agreement. This written confirmation contained a statement that if no objection were made to "this contract" immediately by wire or telephone, it would be considered as having been accepted as final. Carter had transacted business with Vincent on numerous occasions both prior to, and subsequent to, June 5, 1947, and on each occasion he had sent Vincent a written confirmation covering the transaction.

Carter did not receive notice of any objection to the confirmation, or the subject matter contained therein, by wire, telephone, or otherwise. One car of grain was shipped to Carter under the contract on October 4, 1947, but the balance of the grain called for by the contract was never shipped. Following an exchange of letters and telephone conversations between Carter and Vincent, the latter authorized Carter to purchase on the open market a sufficient quantity of grain to cover the balance due under the contract at a stated maximum price and to charge the cost of such purchase to his account. Under circumstances which are not material here, this was accomplished. The amount sued for is the difference between the original contract price of the grain and the price at which it was purchased by Carter on the open market, less certain credits.

Vincent does not controvert these facts, but, relying upon them, contends that they show conclusively that the indebtedness sued for was not evidenced by a contract in writing and is, therefore, one governed by the Texas two-year Statute of Limitations,[1] and since this suit was not instituted within the period of limitations provided by that statute, appellee's action to recover the indebtedness is barred. Thus, the question here is whether the indebtedness sued for arises from a parol contract subject to the two-year limitation, or from a contract in writing governed by the four-year limitation.[2] The amount or existence of indebtedness is not questioned. Candidly stated, Vincent's argument is that the oral agreement made by the parties during their telephone conversation is the only contract made by them and, since it was complete in every detail, the written confirmation of the already existing oral contract did not, and could not convert it into a contract in writing.

The Texas Courts have consistently held that when parties enter into an oral contract with the express or implied understanding that such contract is to be reduced to writing in the form of a letter of confirmation sent by one of the parties to the other, such confirmation, if it otherwise constitutes a binding contract, is a contract in writing.[3] In Turner v. Riverside Cotton Oil Co., 113 Tex. 143, 252 S.W. 1060,[4] the Court held that where a written confirmation of an oral contract was neither required nor contemplated, if the recipient acquiesced and accepted performance under such confirmation, it constituted a contract in writing.

Vincent relies principally upon Baker v. Hanchett, Tex.Civ.App., 134 S.W.2d 407, and Foley v. Currie, Tex.Civ.App., 189 S.W.2d 349, in support of his view. These two cases are concerned with situations where performance under an existing oral contract had been already undertaken before the instruments alleged to be written contracts were executed. In both cases it was held that there was no evidence to show that a written contract was contem-

1. Article 5526, Revised Civil Statutes of Texas.

2. Article 5527, Revised Civil Statutes of Texas.

3. Stephenson v. Oates, Tex.Civ.App., 213 S.W.2d 855; Gilmore v. Transit Grain & Commission Co., Tex.Civ.App., 213 S.W.2d 880; Berlowitz v. Standley, 117 Tex. 362, 5 S.W.2d 963; Vinson v. Horton, Tex.Civ.App., 207 S.W.2d 432.

4. Opinion by the Texas Commission of Appeals adopted by the Supreme Court. See also Ferguson v. Parker, Tex.Civ.App., 176 S.W.2d 768; Stevens-Smith Grain Co. v. Heid Bros., Inc., Tex.Civ.App., 18 S.W.2d 210; Kelsey v. Early Grain & Elevator Co., Tex.Civ.App., 206 S.W. 849.

plated by the parties, and furthermore, that the instruments relied upon were not complete contracts within themselves. Other authorities cited and relied upon by Vincent are likewise distinguishable.

The trial Court submitted to the jury a special issue of whether the parties "both contemplated that their talk would be followed by a written confirmation." The jury responded "Yes." It is contended that this finding is not supported by the evidence. We think the facts already related refute this contention. Not only was there no objection made to the confirmation now involved, but, after receiving it, Vincent shipped one car of grain and, at all times thereafter, recognized his obligation under the contract. Furthermore, none of the evidence for the plaintiff was disputed by Vincent, who did not elect to offer himself as a witness. The evidence warranted a finding that Vincent expected to receive the confirmation which Carter contemplated sending to him. Stephenson v. Oates, supra.

The trial Court did not err in holding that the indebtedness was founded upon a contract in writing, and consequently adjudging that the action to recover it was not barred.

Judgment affirmed.