**Clarence W. TALLEY, Sr., Appellant,**

v.

**PAUL ALLISON GRAIN CO., Inc.,**
Appellee.

**No. 16443.**

Court of Civil Appeals of Texas.

Fort Worth.

June 28, 1963.

Rehearing Denied July 19, 1963.

Beard, Kultgen & Beard, and Pat Beard, Waco, for appellant.

Richard Owens, Fort Worth, for appellee.

RENFRO, Justice.

This is a venue case.

Appellee, Paul Allison Grain Company, Inc., sued appellant, Clarence W. Talley, Sr., for damages for failure to deliver 36,-653 bushels of corn.

Appellant filed a plea of privilege to be sued in McLennan County.

Appellee introduced evidence that on July 2, 1962, appellant agreed, in a telephone conversation with one Barker, an independent broker, to sell and deliver to appellee at Fort Worth, Texas, 40,000 bushels of No. 2 yellow corn for $1.19 per bushel. On the same date Barker mailed a written confirmation of the contract to appellant. The written confirmation provided: "If no objection taken to this contract immediately by wire or phone, we shall consider you have accepted same as final."

Appellee also sent a written confirmation to appellant on July 2nd, the material parts

of which read: "We confirm purchase from you today as follows: Ray Barker Commodity 40,000 bushels—#2 yellow corn, 14% or less moisture at $1.19 per bu basis delivered to Fort Worth by trucks Shipment by September 10, 1962 * * * to be delivered to Burrus Feed Mills, Ft. Worth, Texas * * * Draft thru Bank of Commerce, Ft. Worth, Texas with unloading tickets attached. * * * If no objection taken to this contract immediately by wire or phone, we shall consider you have accepted same as final. * * * Draw all drafts and sell all B/L direct to Paul Allison Grain Company, Inc., Fort Worth, Texas."

Appellant made shipment and delivery of corn to Burrus Mills in Fort Worth on August 14, 16 and 20, each time drawing a draft on appellee through the Bank of Commerce. The three shipments totaled 3,347 bushels. He refused to make any more shipments.

Appellant testified the oral agreement was for the sale of 4,000 bushels and that when he received the written confirmation he immediately telephoned Barker that the agreement was for 4,000 bushels; that he returned both written agreements to Barker.

Barker denied receiving the telephone call from appellant and denied receiving back the confirmation agreements.

No findings of fact were made by the trial court. We must assume he accepted the testimony of Barker.

Hence, the record before us shows an acceptance of the written confirmation contract by appellant and a partial performance thereunder.

Appellant has presented only one question, namely: "Is buyer's written confirmation of an oral contract, which seller testified he protested to broker, but which broker denied, a 'contract in writing' within Subd. 5, Art. 1995, Vernon's Texas Statutes?"

As applied to the facts in this case our answer is "Yes".

Appellant contends the written confirmation is not a contract in writing under Sub. 5, citing Vincent v. Global Corporation, Tex.Civ.App., 217 S.W.2d 66.

Appellant concedes that this court in Daugherty Grain Company v. S. T. Oates Grain Co., Tex.Civ.App., 191 S.W.2d 804, and Stephenson v. Oates, Tex.Civ.App., 213 S.W.2d 855, has held that such written confirmation is a written contract within Sub. 5. Our conclusion is also supported by Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792; Grainger v. Gottlieb, Tex.Civ. App., 234 S.W. 604; Pittman & Harrison Co. v. B. F. Robey & Co., Tex.Civ.App., 234 S.W. 1114; and Stevens-Smith Grain Co. v. Heid Bros., Tex.Civ.App., 18 S.W.2d 210.

We adhere to our previous holdings.

The order of the trial court overruling appellant's plea of privilege is affirmed.

Affirmed.