**Leonard HOLMES et ux., Appellants,**

v.

**Edwin G. COX, Appellee.**

**No. 7596.**

Court of Civil Appeals of Texas.

Texarkana.

June 23, 1964.

H. S. Lattimore, Fort Worth, for appellants.

Pat C. Beadle, Clarksville, for appellee.

DAVIS, Justice.

A venue case. Plaintiff-appellee sued defendants-appellants, husband and wife, for a breach of a contract to purchase 599.30 acres of land and several head of cattle situated in Red River County. Appellants, in their statement of the nature and result of the suit, make the following statement:

"Appellee brought suit in the District Court of Red River County, Texas, against appellants, alleging a claim for liquidated damages for a breach of contract which Leonard Holmes signed to buy a farm from appellee."

Appellants filed pleas of privilege to be sued in Parker County, the county of their residence. The pleas were controverted. The case was tried before the court without a jury. The trial court overruled the pleas of privilege and the appellants have perfected their appeal. They bring forward four points of error.

By their points of error, appellants contend that the trial court erred in overruling

their pleas of privilege; in holding that the appellee's suit for damages could be maintained in Red River County; that a check drawn on a bank domiciled in Tarrant County could be laid in Red River County; and, there was no evidence of any written agreement to pay damages or to pay that portion of the contract in Red River County.

The contract was signed by all parties at Clarksville, in Red River County, Texas, with Leonard Holmes, as Purchaser, and Edwin G. Cox, as Seller; and, Red River Valley Realty Company, as Agent for the Seller. The contract provides that the total purchase price was to be $60,430.00, payable $15,000.00 in cash, and the balance by the execution and delivery of certain vendor's lien notes at Clarksville, Texas, and payable to the appellee (Seller) at Clarksville, Texas. A check for the sum of $15,000.00, signed by appellant, Mrs. Lota Holmes, was given as the cash payment. Payment on the check was stopped, and a suit was filed against both the appellants.

The contract provides—in part—that:

"Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposit as liquidated damages for *the breach of this contract,* and shall pay to Agent therefrom the sum of $2,996.50, or Seller may enforce specific performance of this contract." (Emphasis added).

The appellee alleged and proved the contract. He further alleged and proved that the abstract of title that was provided for in the contract had been furnished and had been refused. He alleged and proved that more than 10 days had elapsed since the abstract had been tendered, under the terms of said contract, and the appellants were deemed to have accepted the title as shown by said contract. He showed that the appellants had failed and refused to perform the obligations imposed upon them by the contract and had breached the same. In his prayer, the appellee prayed for judgment for the $15,000.00 liquidated damages, "and for such other and further relief, general and special, to which he may be entitled under the laws of the State of Texas."

The contract must be considered from its four corners. In so considering the contract, the place of performance is Red River County. 13 T.J.2d 544, Sec. 298, and authorities therein cited. Cite 43b T.J. 156, Sec. 37. A suit on a sales contract may be brought in the county designated for performance. This is a contract to sell land and cattle, both situated in Red River County. The cash payment was supposed to be made there; the vendor's lien notes were supposed to be executed in Clarksville in Red River County, and the vendor's lien notes were supposed to be payable in Clarksville, in Red River County. 43 T.J. 177, Sec. 43. Malone v. Dawson, 117 Tex. 377, 5 S.W.2d 965; 60 A.L.R. 665; Berlowitz v. Standley, 117 Tex. 362, 5 S.W.2d 963; Fitzgerald v. Browning-Ferris Mach. Co. (Ct.Civ.App.) 49 S.W.2d 489, Err/Dism. Actually, there was an agreement that the contract was to be performed in Red River County. 43 T.J. 116, Sec. 7, and authorities therein cited. The contract seems regular on its face, and is not ambiguous to any degree. It shows that the $15,000.00 cash, by check has been deposited with the Agent. It further shows that the appellants failed to consummate the contract. According to the contract, the appellee can retain the cash deposit as liquidated damages, and sue for other damages for the breach of the contract.

Appellant takes the position that this is a suit for liquidated damages as the result of the contract. This is a venue matter. We must consider the contract as a whole. The only question we have to decide is whether or not the District Court of Red River County has venue. In construing the contract, the pleadings and the evidence, the appellants have breached the contract, and the District Court of Red River County has venue. 13 T.J.2d 306, Sec. 130, and authorities therein cited. 13 T.J.2d 545, Sec. 298, and authorities therein cited; Longhorn

Trucks, Inc., v. Bailes (Ct.Civ.App.) 225 S.W.2d 642, N.W.H.; Whitley v. King (Ct. Civ.App.) 227 S.W.2d 241, N.W.H.

The points of error are overruled. The judgment of the trial court is affirmed.