KELSEY v. EARLY GRAIN & ELEVATOR CO. (No. 1417.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1918.)

1. VENUE &ofhook;7—"CONTRACT IN WRITING."

If a broker negotiates contract for sale of grain by phone, reduces the terms of the contract to writing and mails each party a copy, and neither objects, there is a "contract in writing," within Rev. St. 1911, art. 1830, subd. 5, as to venue.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Contract in Writing.]

2. ASSOCIATIONS &ofhook;5—ACCOUNTS OF ASSOCIATION—CONTRACTS—VALIDITY.

A member of an association may, by prior agreement, authorize the association to act for him and bind him by subsequent by-laws, awards, and the like.

3. SALES &ofhook;59 — CONSTRUING INSTRUMENTS TOGETHER.

Where plaintiff and defendant, as members of trade association, were bound by awards of association arbitration committees and association rules and regulations as to confirmation of contracts, on the issue whether defendant had sold plaintiff two cars of maize, defendant's application for membership should be construed with plaintiff's letter of confirmation and arbitration committee's award.

4. VENUE &ofhook;7—"CONTRACT IN WRITING."

Where plaintiff and defendant, as members of trade association, were bound by awards of the association arbitration committees and by all association rules, one of which provided that if one party to a trade confirmed and the other failed to object upon receipt of confirmation both should be bound, defendant's application for membership, plaintiff's letter confirming a trade and specifying P. county as the place of performance together with arbitration committee's award in plaintiff's favor, constituted a "contract in writing" to perform the contract obligation in P. county, within Rev. St. 1911, art. 1830, subd. 5.

Appeal from Potter County Court; T. W. McBride, Judge.

Action by the Early Grain & Elevator Company against Arthur Kelsey. Judgment for plaintiff, and defendant appeals. Affirmed.

Kimbrough, Underwood & Jackson, of Amarillo, for appellant.

Ben H. Stone, of Amarillo, for appellee.

HALL, J. Appellee company sued appellant in the county court, alleging that it had purchased of appellant two cars of maize for immediate shipment; that it is a corporation, having its principal place of business in Amarillo, Tex.; that appellant resides at Lorenzo, in Crosby county, Tex.; and that he breached the said contract to appellee's damage in the sum of $415. It is further alleged that, at the time of the making of the contract, both parties were members of the Texas Grain Dealers' Association; that at the time of making application for membership appellant signed a written instrument, wherein he promised to comply strictly with the conditions, requirements, constitution, and by-laws of the association, and all amendments thereto, and to obey all orders or awards issued by the executive committee or arbitration committees of said association; that the constitution provides for arbitration, and in compliance with the rules appellant and appellee submitted the matters in controversy to the arbitration committee of such association; and that on May 24, 1915, said committee rendered its award, finding for appellee in the sum of $415, and ordered that appellant pay said sum promptly at Amarillo. In due time appellant filed its plea of privilege to be sued in the county of his residence, praying that the cause be transferred to Crosby county. No exception is made to the form of the plea. Appellee filed its controverting affidavit, setting up substantially the facts alleged in the original petition. Upon a trial the court overruled the plea and rendered judgment for the above amount in appellant's favor. The evidence introduced is documentary and is in part as follows:

"Lubbock, Texas, 5/26/13.

"G. J. Gibbs, Secretary, Ft. Worth, Texas: I, or we, hereby make application for member-

---

ship in the Texas Grain Dealers' Association, and promise if admitted, a strict compliance with all conditions and requirements of the constitution and by-laws of the association, and all amendments thereto, and all rules and regulations and all orders or awards issued by the executive or arbitration committees. The applicant is now continuously engaged in buying and selling grain and will so remain while a member of this association. Membership fee of $10.00 inclosed herewith.

"[Signed] Arthur Kelsey."

It appears that the purchase was made by appellee by means of conversation over the telephone, on December 4,. 1914, and on that date appellee mailed appellant the following written confirmation:

"Arthur Kelsey, Lorenzo, Texas: This confirms purchase from you by. phone of two cars, 50,000 pounds, No. 3, or better, bulk maize, at 80 cents per hundred pounds. Basis f. o. b. Lorenzo, Texas, destination grades; destination weights, shipment next week to be billed. Phone us at our expense for shipping instructions. Draft through Amarillo Bank & Trust Company, without exchange, leaving margin. If goods should arrive off grade, we to make best disposition possible without further notice. If either party defaults on this contract and causes other party a loss, party so defaulting shall pay to the other party said loss. If, for any reason, goods not shipped according to contract we reserve the right without further notice, to cancel contract, extend time, or buy in for seller's account. Reserve right to change destination of cars. Inspection charges to be paid shipper. Contract performable in Amarillo, Texas. It is also understood and agreed that this confirmation is part of the contract and its acceptance without notifying us immediately of error therein is acknowledgment of contract as above. Regular trade and market terminal rules to apply.

"Early Grain & Elevator Co., per E."

The parties submitted their respective statements to the arbitration committee of the Texas Grain Dealers' Association, in which they set out the facts upon which they based their right to recover; but in neither statement is the committee requested or authorized to fix the place of payment of any damages which may be awarded. The award, after briefly reciting the facts, and outlining the respective contentions of the parties to the arbitration, proceeds as follows:

"In view of the fact that the defendant did not return the plaintiff's confirmation and did not reply to the many letters demanding shipment, together with the affidavits of three different witnesses to the fact that the contract was actually entered into, and later the acknowledgment by phone by the defendant that such contract did exist, we are of the opinion that the plaintiff acted well within their rights in buying for the account of the defendant two cars of 10,000 pounds of maize, and that the loss is justly chargeable to the defendant and therefore we find for the plaintiff, Early Grain & Elevator Company, in the sum of $415.00, and hereby order that the defendant Arthur Kelsey promptly pay to the plaintiff at Amarillo, Texas, the amount of this award, and the secretary is instructed to return the plaintiff their deposit fee in this case."

[1] Rule 5 of the trade rules of the association. provides:

"Where only one party to a trade confirms, this confirmation shall be binding upon both par-ties unless objected to at the receipt of the same."

If the transaction had been negotiated by a broker by phone and he had reduced the terms of the contract to writing, and mailed each party a copy, which they had retained without objection, the written memorandum submitted to them would have been a sufficient contract in writing within article 1830, subd. 5, R. S. 1911; People's Ice & Mfg. Co. v. Interstate Cotton Oil Refining Co., 182 S. W. 1163 (writ of error denied). In view of the provision of rule 5, and of the statement in appellee's letter of confirmation that the letter itself would be a part of the contract, and that a failure to notify appellee of any objections would make the contract as outlined in the letter of confirmation binding, and in view of the further fact that the arbitration committee, in the award, recognized the binding effect of trade rule 5, we think the judgment should be affirmed if it can be held that the question of the place of payment was one which could properly be considered by the arbitration committee, and if the committee was authorized to bind the appellant.

[2] That a member of such an association may, by prior agreement, authorize the association to act for him and bind him by subsequent by-laws, awards, and the like, is settled by the weight of authority. Eversberg v. Supreme Tent Knights of Maccabees of the World, 33 Tex. Civ. App. 549, 77 S. W. 246. It is held in Taylor v. Gribble, 33 S. W. 765, that the sureties upon the bond of the soliciting agent of an insurance company were bound upon a note given in settlement of the amount due by the agent, where the stipulation in the bond was that it should cover all liabilities and delinquencies of the agent which should arise under his present appointment or any future appointment, waiving notice of any change in the terms of the agreement "as to the working district assigned and otherwise," even though the sureties had no knowledge of the execution of the note. It was further held in that case that where the note was made payable in Austin, Tex., the sureties could be held to answer in Travis county. It is true, as contended by appellant, that he did not submit to the arbitration committee the matter of where payment should be made in the event of a finding against him, but this issue was submitted by appellee, and we think properly so, since the statement, "Contract performable in Amarillo, Texas," to which he did not object, and which under rule 5 in such case became binding upon him.

[3, 4] We think the court correctly held that the application for membership should be construed in connection with the letter of confirmation and the award of the arbitration committee, and that they together constituted a contract in writing to perform the

obligation so evidenced, in Potter county, and was within subdivision 5, art. 1830, R. S. 1911.

The judgment is therefore affirmed.