GARRETT v. J. A. HUGHES GRAIN CO.
(No. 6154.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 29, 1919. Rehearing Denied Feb. 19, 1919.)

1. CORPORATIONS ⊜503(2) — VENUE — BREACH OF CONTRACT — ACTION AGAINST CORPORATION.

Where contract for sale of 50 carloads of hay was made at Bexar county, so that cause of action for its breach arose in part in such county, the seller being private corporation, buyer's suit for damages could be brought in Bexar county, under Rev. St. 1911, art. 1830, subd. 24.

2. VENUE ⊜7 — BREACH OF CONTRACT — PLACE OF PERFORMANCE.

Contract for sale of 50 carloads of hay *held* performable, in Bexar county, where it was made, at least under subsequent amendment, whereby seller agreed to deliver hay in said county, despite clause that all obligations pertaining to or growing out of contract were payable at point in Grayson county.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by R. N. Garrett against the J. A. Hughes Grain Company. From judgment sustaining defendant's plea of privilege, plaintiff appeals. Reversed, and cause remanded.

Lewright & Douglas, of San Antonio, for appellant.

Wood, Jones & Hassell, of Sherman, for appellee.

MOURSUND, J. This is a suit for damages for alleged breach of a written contract for the sale of 50 carloads of hay by appellee, a corporation chartered under the laws of Texas, to appellant. The appellee filed a plea of privilege to be sued in Grayson county, to which appellant answered by alleging exceptions to the venue statute (Rev. St. 1911, art. 1830) under subdivisions 5 and 24 thereof. The plea was sustained, and this appeal followed.

The contract was prepared by the president

of appellee and sent in duplicate to appellant for his acceptance. Appellant signed the two copies at San Antonio, retaining one and sending the other to appellee. The contract provided for the sale to be "f. o. b. points taking common point rate"; that prices are always either f. o. b. shipping point, or based on value at shipping point, plus freight charges to destination; that no part of appellee's agreement is to be performed at destination; that drafts on appellant, with bills of lading, always in appellee's name, attached, will be sent to the Alamo National Bank of San Antonio, "except demand drafts or all shipments to prepay stations." Appellee's president testified that the words, "f. o. b. points taking common point rate," mean that the hay is to be shipped with freight prepaid to any point taking the Texas common point rate which might be designated by appellant; that on March 1, 1918, appellant wired appellee to ship 1 or 2 carloads of the hay to San Antonio each day, and by letter appellee informed appellant that its shipper had been instructed to comply with such request. Several cars were shipped consigned to appellee or one of its employés, and drafts on appellant, with bills of lading attached, sent to Alamo National Bank for collection, but appellant refused to accept the shipments on the ground that the hay was not of the quality called for in the contracts. The contract contained the following clause:

"It is also hereby agreed that all obligations, pertaining to or growing out of the contract, are payable at Howe, Texas."

[1, 2] The contract was made in Bexar county, and therefore the cause of action arose, in part, in said county, and, appellee being a private corporation, the suit could be brought in Bexar county under the twenty-fourth exception to article 1830. Cummer Mfg. Co. v. Kellam, 203 S. W. 463; Cuero v. Feeders' Supply Co., 203 S. W. 79. We are also of the opinion that the contract was performable in Bexar county, at least under the subsequent amendment thereof, whereby it was agreed to deliver the hay at San Antonio. Appellee relies on the clause in the contract that all obligations pertaining to or growing out of the contract are payable at Howe, Tex., contending that it constitutes a clause fixing the exclusive venue in Grayson county. We do not so construe the clause. It does not purport to designate Howe, Tex., as a place of exclusive venue, and it was optional with the appellant to sue in Grayson county or any other county in which the statute authorizes the suit to be instituted. The case of Moline Plow Co. v. Biggarstaff, 185 S. W. 341, relied on by appellee, is not in point, for the reason that the language is entirely different, and discloses an intention to agree on a place of exclusive venue.

The judgment is reversed, and the cause remanded.