PITTMAN & HARRISON CO. v. B. F. ROBEY & CO. (No. 8583.)

(Court of Civil Appeals of Texas. Dallas. Oct. 29, 1921. Rehearing Denied Nov. 26, 1921.)

1. Venue ⊂⇒7—Must be determined by the contract provisions as to place of performance in an action for breach.

In view of Rev. St. 1911, art. 1830, subd. 5, the place of performance of a contract must be determined from its terms and provisions, and where the defendant contracted in writing to perform an obligation in a certain county, *held*, that any breach of the contract was in such county and the venue was properly laid there.

2. Venue ⊂⇒7—Negotiations resulting in letter of confirmation acted upon by the parties held to constitute "written contract."

Negotiations for sale of cars of oats by telephone conversation reduced to a contract in writing in the form of a letter of confirmation of which each had a copy and neither objecting thereto, but proceeding to act upon the same, *held* to constitute a written contract within the meaning of Rev. St. 1911, art. 1830, subd. 5, relating to venue in action for breach.

[Ed. Note.—For other definitions, see Words and Phrases, Written Contract.]

3. Principal and agent ⊂⇒170(3)—Failure to disaffirm showed principal's ratification of agent's contract.

Where a party, after receiving agent's letter of confirmation of sale of grain, did not within reasonable time disaffirm the same, the agent's contract was ratified.

4. Principal and agent ⊂⇒172—Ratification must be entire.

A contract cannot be adopted in part and rejected in part, but the act of ratification extends to the entire contract.

5. Principal and agent ⊂⇒175(2)—Principal's ratification of contract makes it his own agreement.

A principal's ratification of a contract made it as much his contract as if originally made and entered into by him acting in his own proper person.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Suit by the Pittman & Harrison Company against B. F. Robey, doing business under the firm name of B. F. Robey & Co., for damages for breach of contract, in which defendant's plea of privilege was sustained and the cause transferred from Grayson to Coleman county, and the plaintiff appeals. Reversed, and remanded for further proceedings in accordance with opinion.

G. C. Harney, of Sherman, for appellant. Head, Dillard, Smith, Maxey & Head, of Sherman, for appellee.

VAUGHAN, J. Appellant, Pittman & Harrison Company, a private corporation, domiciled in Sherman, Grayson county, Tex., instituted this suit in the county court of Grayson county against appellee B. F. Robey, a citizen of Coleman county, Tex., doing business under the firm name of B. F. Robey & Co., to recover the sum of $400 damages claimed to have been sustained by appellant by reason of the breach of a contract made by and between appellant and appellee, appellant's petition filed in said cause containing the following allegation:

"That heretofore, to wit, on or about the 11th day of September, 1919, defendant, through his agent, Allen G. Smith Brokerage Company, of Sherman, Tex., contracted and agreed in writing to sell to plaintiff three carloads of No. 3 red oats in odd-weight bags at 59 cents per bushel, f. o. b. Coleman, Tex., Sherman official weights and grades to govern, and defendant was to ship said cars to himself or to B. F. Robey & Co. at Sherman, Tex., and draw on plaintiff his certain sight draft or bill of exchange, attaching thereto order bill of lading."

In due time and in full compliance with article 1903 of the Revised Civil Statutes 1911, appellee, B. F. Robey, filed his plea of privilege to be sued in Coleman county, the county of his residence. Appellant filed a controverting affidavit claiming that venue was properly laid in Grayson county, because the contract in writing executed by appellee on which suit was brought required performance in Grayson county; said controverting affidavit being in part as follows:

That "on or about the 11th day of September, 1911, defendants contracted and agreed in writing to sell to plaintiff three carloads of oats, shipment to be made to B. F. Robey & Co., Sherman, Tex., and sight draft, to which was to be attached order bill of lading, was to be drawn upon plaintiff."

The court, on hearing said plea of privilege and controverting affidavit, sustained said plea and ordered the cause transferred to the county court of Coleman county, Tex., to which judgment appellant duly excepted, and

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

now presents said ruling to this court on proper assignments of error.

The following facts were established by the evidence introduced on the trial of the issue thus raised:

That on the 11th day of September, 1919, by telephone conversation, Allen G. Smith Brokerage Company of Sherman, Texas, sold to appellant for appellee of Coleman, Texas, three carloads of No. 3 red oats, and on the same date confirmation of such sale was mailed by Allen G. Smith Brokerage Company to appellant and appellee; said letter of confirmation being as follows:

"Pittman & Harrison Co., Sherman, Texas.— Gentlemen: This confirms sale to you to-day for the account of B. F. Robey & Co., Coleman, Texas, three car No. 3 red oats (odd-weight bags) 59¢ per bu. basis, f. o. b. Coleman, Texas. Sherman official weights and grades to govern, demand draft, shipment 10 days. To be billed to Pittman & Harrison Company, Sherman, Texas, and routed via papers to same firm leaving ample margin.

"Remarks: No. 4's 3¢ discount.

"This contract is subject to all rules and regulations of the Exchange or Board of Trade of the market in which same is placed, and further is subject to any and all conditions beyond the control of the seller. Yours very truly, Allan G. Smith Brokerage Co., by Ev. cc to B. F. Robey & Co., Coleman, Texas. Brokerage paid All. G. Smith 12/10/19."

That the original of said letter of confirmation was sent to and received by appellant, and a copy was sent to and received by appellee. That after receiving the copy of said letter of confirmation appellee shipped one car of oats under said order. That said car was shipped to appellee with instructions notify Pittman & Harrison Company, Sherman, Tex. That draft was made on account of said car of oats so shipped upon Pittman & Harrison Company, to which was attached order bill of lading. That appellant paid the draft, and in that manner secured possession of the order bill of lading for said car of oats.

[1] For the purpose of ascertaining the place of performance of the contract we are confined to the provisions of same, for it is by the terms and provisions of the contract that the place of performance of an obligation named therein must be determined. This is the proper construction to place on section 5 of article 1830, Revised Civil Statutes 1911, namely:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

We have carefully considered the letter of confirmation, which constitutes the contract in this instance between appellant and ap-

pellee, and have reached the conclusion that by the terms employed the appellee "contracted in writing to perform an obligation" in Grayson county, Tex., namely, to deliver to appellant three cars No. 3 red oats at 59 cents per bushel. This obligation clearly appears from the fact that the contract provides that "Sherman official weights and grades shall govern said contract"; the oats as shipped out to be billed to appellant Pittman & Harrison Company, Sherman, Tex., and demand draft drawn on them to cover such shipment; therefore a failure of appellee to make the shipment of the oats as contracted for would be a breach of contract performable by its terms in Grayson county, which could not be by its terms and provisions performed in any other county; therefore the venue of the suit brought by appellant was properly laid in Grayson county.

This question of venue has been so thoroughly discussed in opinions in other cases involving a similar state of facts that we do not deem it necessary to further discuss the reasons for the conclusion reached by us, but will content ourselves by referring to the following cases, which we have carefully considered in the discussion of this case: Harris et al. v. S. A. & A. P. Ry. Co., 221 S. W. 1118; Harris v. Salvato, 175 S. W. 802; Kelsey v. Early Grain & Elevator Co., 206 S. W. 849; People's Ice & Mfg. Co. v. Interstate Cotton Oil Refining Co., 182 S. W. 1163; Harris v. Moller, 207 S. W. 961; Garrett v. J. A. Hughes Grain Co., 208 S. W. 758.

[2] The evidence showing that Allen G. Smith Brokerage Company negotiated the contract for the sale of the three cars of oats by telephone conversation with appellant, reduced the terms of the contract to writing in form of letter of confirmation, and mailed to appellant and appellee each a copy thereof, and neither objecting to the terms of said letter of confirmation, but, to the contrary, proceeding to act upon same, constitutes a contract in writing within the meaning of Revised Statutes 1911, art. 1830, subd. 5, as to venue. Kelsey v. Early Grain & Elevator Co., 206 S. W. 849.

[3, 4] From the evidence as disclosed by the statement of facts we will have to assume that Allen G. Smith Brokerage Company, of Sherman, Tex., assumed to act in the making of the contract involved in this suit without any authority from appellee, and therefore, if liable on the contract, it must be by force of the fact that appellee, after being advised of the full scope and effect of same, proceeded to act thereon, thereby ratifying the act of his unathorized agent. The testimony discloses the following condition in reference to this particular feature: That on the 11th day of September, 1911, Allen G. Smith Brokerage Company, assuming to act for B. F. Robey & Company, of Coleman, Tex.,

made a contract in behalf of Robey & Co. to sell for their account three carloads of No. 3 red oats, said sale having been made over the telephone; that on the same date a letter of confirmation was sent by Allen G. Smith Brokerage Company to appellant, and a copy thereof to appellee; that appellee received the copy of said letter of confirmation and proceeded to act thereon; therefore he is estopped from denying the authority of Allen G. Smith Brokerage Company to make said contract. Prather v. Wilkens, 68 Tex. 190, 4 S. W. 252. It was appellee's duty after receiving said letter of confirmation to within a reasonable time disaffirm same. Pillman v. Freiberg, 2 Willson, Civ. Cas. Ct. App. § 582. And under the law said contract could not be adopted in part and rejected in part, but the act of ratification extends to the entire contract and relates back to the making of same (Conley v. Columbus Tap Ry., 44 Tex. 581; Henderson v. Railway Co., 17 Tex. 575, 67 Am. Dec. 675), and subsequent ratification is as effectual as previous authority (Word v. McKinney, 25 Tex. 267).

[5] The ratification of the contract by appellee as shown by the evidence made it as much his contract as if originally made and entered into by him acting in his own proper person. We therefore sustain appellant's assignments of error, and accordingly the judgment of the court below is reversed and remanded for further proceedings in accordance with this opinion.

Reversed and remanded.