**GREEN–GRO SEED COMPANY, Appellant,**

v.

**Jack PERRY, Appellee.**

**No. 7566.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 7, 1966.

Erhard, Cox & Ruebel, Dallas, for appellant.

Allison, Mann & Allison, Levelland, for appellee.

CHAPMAN, Justice.

This is a venue case.

Appellee, Jack Perry, initiated this suit in Cochran County by alleging against Green-Gro Seed Company a breach of a contract for purchase by him from the seed company of 1,300,000 pounds of hybrid sudan seed to be delivered from Pecos at the 1964 harvest. The order for such purchase was taken by appellant's vice-president at appellee's place of business in Morton, Cochran County, Texas,

where appellee resided and where suit was filed.

After returning to his office in Pecos the vice-president of the company, Bob Bell, mailed to appellee a written and signed confirmation of the said purchase agreement without the phrase, "Delivered to Morton, Texas," appearing therein. After reading the confirmation, or the contract, appellee noticed it did not contain the Morton delivery phrase in it. He testified all the purchases he made from the company for the grain that came out of Pecos provided for delivery in Morton; that before signing the contract he called the vice-president and told him the phrase, "Delivered to Morton, Texas," was not in the instrument, whereupon Mr. Bell told him to writ it in; that his wife wrote it in, appellee signed it, retained one copy and mailed one copy to appellant's office. This all happened in May, 1964. After receipt of the written confirmation appellant never repudiated the contract until time for delivery and then refused to perform. During the interim the seed had advanced from the contract price of $4.50 per hundred pounds to more than twice that price.

A plea of privilege was filed by appellant company seeking to have the case moved to the domiciliary residence of the corporation, which was Denton County. The plea was controverted by alleging Section 5 of Article 1995, Vernon's Ann. Tex.Civ.St. as an exception to the right of the corporation to be sued in the county of its corporate domicile. That exception provides:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

After hearing the testimony the plea of privilege was overruled. Appeal is perfected from such judgment.

The testimony by appellee shows the president of the corporation, Mr. Harvey, whom he had known for seventeen years, came to his office in Morton with Mr. Bob Bell, introduced the two and told appellee Mr. Bell was going to be with him in the seed business; they were forming the Green-Gro corporation and " * * Bob would be around to get the orders. * * *"

The record shows that subsequent to that time the contract in controversy was entered into and the two men agreed orally the grain was to be delivered to Morton, Texas. Appellee testified he never heard anything from the company after the amended and signed copy of the contract was sent back and that it was never repudiated by appellant.

Appeal is based upon the one contention to the effect that plaintiff's suit " * * * is based upon an oral contract for delivery of the subject seed which was not incorporated in the confirmation of the subject contract." The point is overruled.

There is probative evidence here that the "Delivered to Morton, Texas," clause was placed into the written instrument by handwriting of appellee's wife with a ball point pen and that such clause was authorized by appellant's vice-president. The court sustained an objection to the testimony of appellee concerning the conversation between him and Mr. Bell in which the latter authorized the clause to be added to the contract. However, the evidence was placed into the record during cross-examination of appellee by counsel for appellant in the following exchange:

"Q. But now the subject contract that we are talking about, Plaintiff's Exhibit No. 1, which I believe is the copy you have in your hand there, your testimony

is that your wife wrote that phrase in that contract after it was received from Green-Gro Seed Company?

A. Yes, and after I talked to Bob Bell.

Q. All right.

A. And he told me to.

Q. How long after May the 5th was that phrase written on there? May the 5th, 1964.

A. Oh, I don't know. Bob came up and taken that order and it's possibly a week. I wouldn't say exactly. Bob came up before this May the 5th, I suppose. I don't remember what day it was, but anyway, he taken the order and wrote it in his book and then he mailed me these confirmations.

Q. How long after you got the confirmations was the phrase written by your wife on there?

A. The same day we got them, we called him and signed them and sent them back."

We thus have probative evidence that the company through its vice-president Bob Bell authorized the disputed clause to be placed into the written instrument, making the contract in writing performable in Morton, Texas. Courts may take judicial knowledge that Morton is the county seat of Cochran County. Traylor v. Blum, Tex.Sup.Ct., 7 S.W. 829; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 612.

Appellant's argument under the point stated is to the effect that: "There is no evidence that the contract was re-submitted for execution by the defendant or that the provision for delivery was initiated after its receipt by the plaintiff."

The Texarkana Court of Civil Appeals speaking through the late Justice Harvey has held in Vinson v. Horton, 207 S.W.2d 432, 434 (N.W.H.) as follows:

"It is now definitely settled in Texas that it is not necessary in order to constitute a 'contract in writing' that the agreement be signed by both parties; one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. 43 Tex.Jur., p. 724; 67 C.J., p. 32, Sec. 37; Martin v. Roberts, 57 Tex. 564; Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Gottlieb v. Dismukes, Tex.Civ. App., 230 S.W. 792; Grainger v. Gottlieb, Tex.Civ.App., 234 S.W. 604; Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627."

The court then applied the principle enunciated to suits arising under Exception 5 to the venue statute and fixed venue in the county where the contract was performable.

Among the cases cited by Justice Harvey was Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792 (N.W.H.). That court held:

"The language quoted in our statement of the findings of fact, in the light of the whole agreement, makes it clear, we think, that it was contemplated by both parties that there should be a written confirmation of the terms of the sale, which would be binding if the parties did not object to its provisions. There is no dispute that the written confirmation was prepared by the buyer according to the agreement of the parties, and that the seller received this confirmation and retained the same without any objection or protest. We think there was a meeting of the minds upon the writing, which the evidence does not show was required or contemplated to be formally signed by both parties."

In light of the entire record made here it appears clear to us that it was contem-

plated by both parties, with Bob Bell, vice-president, acting for appellant, that there should be a written confirmation of the terms of the sale, with delivery to be made in Morton, Texas. We believe those conditions were met by the actions, conduct and acquiescence of appellant and that it requires no implication to fix the place of performance.

Accordingly, the judgment of the trial court is affirmed.