WEST FLOUR MILL, INC., Appellant,

v.

C. C. VANCE, d/b/a Vance Hatchery & Leghorn Farm, Appellee.

No. 379.

Court of Civil Appeals of Texas.

Tyler.

June 20, 1968.

Rehearing Denied July 18, 1968.

Frank M. Fitzpatrick, Jr., Waco, W. Hugh Harrell, Lubbock, for appellant.

Nelson, McCleskey & Harriger, Don Graf, Lubbock, for appellee.

SELLERS, Justice.

This is an appeal from an order overruling·appellant's plea of privilege.

C. C. Vance, d/b/a Vance Hatchery & Leghorn Farm, appellee herein, brought this suit in the District Court of Lubbock County to recover on a verified account in the sum of $6,977.25 plus interest and attorney's fees against the appellant, West Flour Mill, Inc., of McLennan County, Texas.

Appellant filed its plea of privilege to be sued in McLennan County where its place of business is located. A controverting plea, having been filed by appellee, claimed venue in Lubbock County where the suit was pending under the provisions of section 5 and 23 of our Venue Statute. From a hearing before the court, a judgment was rendered overruling appellant's plea of privi-

lege and holding venue in Lubbock County under both sections of the Venue Statutes 5 and 23. From this ruling, the appellant has duly prosecuted this appeal.

■ The appellee is in the chicken hatchery business with its place of business at Shallowater, Lubbock County. The contract involved here came about by appellant calling the manager of appellee by telephone and ordering 8,000 baby chicks. The price about which there is no dispute on this appeal was 30 cents for each chick plus a charge for debeaking, ¼ cent. Twenty-five cents of the 30 cents was due and payable when the chicks were delivered and the other 5 cents due later. When appellee received the order over the telephone, he would draw what he calls a confirmation of the sale as follows:

| VANCE HATCHERY AND LEGHORN FARM | Order No. 678 |
|---|---|

H and N "Nick Chick" Leghorns

Telephone Number 832–4567          Shallowater, Texas

Date _____ 7–28–66 _____

Sold To _____ West Flour Mills _____

R.F.D. or Street _____ % Emil Plasek, Jr. _____

City _____ West _____ State _____ Texas _____

| Hatch Date Wanted | | Terms | How Deliver |
|---|---|---|---|
| October 18th | | 25¢ Cash | Our Truck |

| Quan. | Breed | Sex | Price | Amount |
|---|---|---|---|---|
| | | | | |
| 8,000 | H & N "Nick Chick" Pullets | | 30¢ | $2,400.00 |
| | Plus: Debeaking | | ¼¢ | 20.00 |
| | To be delivered at day old on | | | |
| | Tuesday, October 18th to | | | |
| | John L. Corbell, Dublin, Texas | | | |
| | | | Total | $2,420.00 |
| Deposit | | | | |
| | | | Balance | $2,420.00 |

Buyer's Signature          Phone _____

Salesman _____ John Corbell _____

The manager of appellee testified that this was necessary for the reason that everybody would know just when the delivery of the chicks would be made. It was appellee's custom and method of doing business to fill an order for chicks by setting

the eggs after an order was received and making delivery 21 days later when the eggs hatched, or when the chicks would be one day old. Appellee made delivery to John Corbell at Dublin, Texas, who would grow the chicks. The arrangement between Corbell and appellant is not clear except in a letter from appellant to appellee where it is stated that as soon as a note was received by it from Corbell, he would send a check to cover for the chicks.

When the chicks were delivered to Corbell, they would send along an invoice which was prepared by appellee in duplicate and a copy mailed to appellant at its place of business in McLennan County. The following is a copy of such invoice:

### VANCE HATCHERY

Franchised Producers of H & N "Nick Chick" Leghorns

Payable at Shallowater, Texas

Phone 832–4567          Shallowater, Texas

Customer's Order No. _____    Date    October 11     196 6

Name        West Flour Mills

Address       % Emil Plasek, Jr.

           West, Texas

| Sold By | Cash | C.O.D. | Charge XX | On Acct. | Mdse. | Retd. | Paid Out |
|---------|------|--------|-----------|----------|-------|-------|----------|

| Quan. | Description | Price | | Amount |
|-------|-------------|-------|--|--------|
| 6,200 | H & N "Nick Chick" Pullets | 30¢ | | 1,860.00 |
| | Plus: Debeaking | ¼¢ | | 15.50 |
| | Total Amount Due | | | 1,875.50 |
| | Delivered at day old on Tuesday | | | |
| | October 11th to John Corbell, | | | |
| | Dublin, Texas. | | | |

ALL claims and returned goods MUST be accompanied by this bill.

20381    Received By _____

TAX

TOTAL

———◆———

This procedure was followed over a period of some two years or more covering a number of telephone orders at different times, and payment made by appellant to appellee by check mailed to appellee at Shallowater, Texas.

The arrangement above outlined was necessary for the reason appellee could not

know just how many chicks would be hatched out of the setting to fill the order until the day of delivery. These telephone contracts between appellant and appellee were not consummated and could not be until the day of delivery of the chicks and the invoice of the same was mailed to appellant at its office in McLennan County. This being true, the contract was not consummated in Shallowater but in McLennan County.

■ Appellee says if this is true, then the statement in the invoice "Payable At Shallowater, Texas" is binding upon the appellant and the contract is in writing making the payment due in Shallowater and hence the venue is in Lubbock County under Section 5 of the Venue Statute. We have reviewed the Statement of Facts and the above is the only statement in writing between the parties requiring payment in Shallowater, Texas. This invoice is not signed by either of the parties. It is an ex parte statement by appellee that payment is payable in Shallowater, Texas. The oral contract for the chicks did not contain a venue provision and since neither party signed the invoice, the same was not sufficient to enlarge or alter the oral contract to include a venue provision by a later ex parte statement by one of the parties. In Ferguson v. Sanders et al., Tex. Civ.App., 133 S.W.2d 806, 807, the court said:

"The court having resolved all controverted issues of fact in favor of the defendants, necessarily found that the written confirmation of the verbal agreement was not received by the defendants, hence was not acquiesced in by them. However, if it be assumed that, the confirmation in fact was received, as contended by plaintiff, yet, as it contained a venue provision not previously agreed upon, ex parte in nature, the same was not binding upon defendants, because not assented to by them in writing. * * *"

For the foregoing reason, we overrule appellee's contention that venue is sustained under Section 5 of the Venue Statute.

■ We are also of the opinion that venue cannot be sustained in Lubbock County by virtue of Section 23 of the Venue Statute, which provides that suits against a corporation may be maintained in any county where cause of action arose or a part thereof arose. This contract was consummated in McLennan County as above held and since the contract is a part of the cause of action for damages for its breach, venue will be sustained in the county where the contract is consummated.

We understand this to be the rule announced in Merchantile Securities Company et al. v. Taylor, Tex.Civ.App., 60 S.W.2d 1059, and followed by this court in National Furniture Manufacturing Company v. Center Plywood Company, Tex.Civ.App., 405 S.W.2d 115, where we held:

"Applying the above rules of law to the facts of this case, we are of the opinion that there was a counteroffer made by the General Manager of appellee when he called the appellant in Wharton County and negotiated a change of the date of delivery to July 21st which was accepted by the appellant in Wharton County, and venue of this case is in Wharton County and not Shelby County."

The judgment of the trial court is reversed and the cause ordered transferred by the Clerk of the trial court to the District Court of McLennan County.