**LUFKIN FOUNDRY & MACHINE COMPANY, Appellant,**

**v.**

**Gene MIXON, individually and d/b/a Roundup Elevator Company, and Roundup Elevators, Inc., Appellees.**

**No. 7081.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 18, 1969.

ise in writing make no mention of Gene Mixon individually. This point is overruled.

William D. Winston, Lufkin, for appellant.

Larry Gibbs, Lufkin, Louis M. Ratliff, Jr., Littlefield, for appellees.

STEPHENSON, Justice.

This is a venue case. Both defendants filed pleas of privilege, which were sustained. The parties will be referred to here as they were in the trial court.

Plaintiff, Lufkin Foundry & Machine Company, brought this suit, in Angelina County, against defendant, Gene Mixon, individually and d/b/a Roundup Elevator Company, and defendant, Roundup Elevators, Inc. The suit is founded upon a sworn account for goods and wares sold and labor performed by plaintiff to and for defendant at Lubbock, Texas. Gene Mixon filed his plea of privilege to be sued in Lamb County, Texas, the county of his residence. Roundup Elevators, Inc. filed its plea of privilege to be sued in the county of its domicile, Hockley County, Texas. Plaintiff controverted both of these pleas of privilege, relying upon Subdivision 5, Article 1995, Vernon's Ann.Civ.St., to retain venue in Angelina County. The hearing was before the court, and judgment rendered transferring the entire case to Lamb County, Texas.

Plaintiff's points of error are that the trial court erred in sustaining each plea of privilege, because the undisputed evidence showed that each defendant had promised in writing to pay for the goods and services in Angelina County. Considering first the point of error as to Gene Mixon, individually, the only evidence in the record is that he was President of Roundup Elevators, Inc. The documents relied upon by plaintiff to establish a prom-

We next consider the point of error as to the plea of privilege of Roundup Elevators, Inc. The evidence shows the following: That plaintiff, among other things, is in the business of servicing and repairing trucks and trailers, with its principal place of business in Lufkin, Angelina County, Texas. That plaintiff has several branches in the State of Texas, including one in Lubbock. That plaintiff's system of doing business is that when someone brings a trailer in for repair, a shop order is made out and signed by the individual requesting the repair; and when the trailer is repaired, it is released and an invoice is mailed to the customer; and then the statements are mailed out in Lufkin. That all accounts are payable in Lufkin, and received in Lufkin. That the invoice would be received at, or close but subsequent to, the time the repairs or services were performed. The first business done with Roundup Elevators, Inc. was October 31, 1967. That all previous payments made by Roundup Elevators, Inc. to plaintiff were made at Lufkin. That the account sued upon is based upon four shop orders dated 2–29–68, 3–23–68, 4–24–68, and 3–7–68. That all four shop orders were on the same type of form, which included a space in which it was printed: "Terms Per" and in which it had been written: "Invoice." That there were four invoices dated 3–25–68, 3–11–68, 3–15–68, and 4–29–68, all of which were on the same form, which in one place included: "Terms: Net Cash, No. Cash Discount," and in another place included: "Remit to Lufkin Foundry & Machine Company, P. O. Box 849 Lufkin, Texas 75901." The invoice also included: "By Acceptance of Items Listed Herein, This Invoice Becomes Payable In Lufkin, Angelina County, Texas." That all payments in the past from Roundup Elevators, Inc. were mailed to plaintiff at Lufkin, Texas, and no notice was ever received that Roundup Elevators, Inc. wanted to make payments elsewhere.

Two of the shop orders made the basis of their suit show signatures, one shows initials, and the fourth has neither a name nor initials. These shop orders were offered in evidence by the defendants.

■ This case is controlled by the law as stated in Harrison v. Facade, Inc., 355 S.W.2d 543 (Dallas, Tex.Civ.App., 1962, no writ). The primary question is whether there was a completed contract between the parties, either oral or written, before the invoices were mailed by plaintiff and received by defendants. We have concluded the contract before us was not completed until the invoices were received. The shop order which initiated each transaction contained the direct reference to the invoice by stating: "Terms Per, Invoice." There was nothing in the shop order which showed either the time or the place of payment. The invoices clearly showed the payments were to be in cash and at Lufkin, Texas. The undisputed evidence showed an agreement in writing (the shop order and the invoice) between the parties completely showing their intentions, bringing the case clearly within the ambit of Subsection 5, Article 1995, V.A.C.S.

The factual situation of the present case is also similar to that of the Harrison vs. Facade, Inc. case, supra, in that the action of the parties in making and receiving all previous payments in Lufkin demonstrated that such method of payments was part of their written understanding. This point of error is sustained.

The order of the trial court, transferring that portion of the cause of action as to Gene Mixon, individually and d/b/a Roundup Elevator Company, to Lamb County, Texas, is affirmed. That portion of the order of the trial court, transferring the cause of action as to Roundup Elevators, Inc. to Lamb County, is reversed and rendered, and it shall be heard on its merits in Angelina County.

Affirmed in part and reversed and rendered in part.