cc:   Helen Cullum
      2403 South 6th
      Austin, TX   78704

01/07

**SHERMAN FOUNDRY, Appellant,**

v.

**MECHANICS, INC., Appellee.**

No. 5393.

Court of Civil Appeals of Texas, Waco.

Oct. 31, 1974.

Rehearing Denied Dec. 19, 1974.

Kennedy & Minshew, Sherman, for appellant.

McGown, Godfrey, Decker, McMackin, Shipman & McClane, Richard L. Bourland, Fort Worth, for appellee.

HALL, Justice.

Sherman Foundry brought this suit in Grayson County against Mechanics, Inc., on a verfied open account for a balance of $4,823.77 allegedly due for merchandise sold by Foundry to Mechanics. Mechanics filed a plea of privilege to be sued in Tarrant County, the county of its residence. Foundry controverted the plea of privilege, contending that Mechanics "contracted in writing" to pay the account in Grayson County, and that, accordingly, venue was permissible there under the provisions of Subd. 5 of Article 1995, Vernon's Ann. Texas Civil Statutes. After a hearing without a jury, the trial court granted the plea of privilege and ordered the cause transferred to Tarrant County. We affirm.

The material facts are largely undisputed. In December, 1971, and in the early part of January 1972, representatives of Foundry and Mechanics engaged in oral negotiations for the purchase of automotive brake discs by Mechanics from Foundry. On or shortly before January 21, 1972, Foundry orally offered to sell Mechanics 10,000 brake discs at $8.96 each. On that day, Foundry prepared a written confirmation of the offer, directed to Mechanics at its mailing address in the City of Fort Worth. The confirmation provided on its face that it was "subject to all terms and conditions printed on the back hereof." One of the terms of payment stated on the back was: "Accounts are payable in Sherman, Grayson County, Texas." Mechanics denied receiving the confirmation, and the fact of its mailing is questioned in the evidence. There is testimony that four or five days after Foundry's verbal offer of January 21st, Mechanics orally accepted the offer and told Foundry that a written purchase order would be sent confirming the acceptance. On February 2nd, Foundry delivered four prototypes of the brake disc to Mechanics. Foundry's delivery ticket accompanied the prototypes, and recited the delivery of four discs to Mechanics. No unit or total prices were shown on the ticket. The space provided for "customers order no." was blank. It provided on its face: "Delivery ticket subject to all terms and conditions printed on the back hereof." A "term of payment" stated on the back of the ticket is: "Accounts are payable in Sherman, Grayson County, Texas." Mechanics' president acknowledged receipt of the prototypes by signing the delivery ticket.

On February 17, 1972, Mechanics sent its purchase order number 1015 to Foundry for the brake discs. It contained provisions for the quantity ("10,000"); the

stock number ("Part #804"); the description and grade ("Brake Disc, Grade 35, Grey Iron"); the unit price ("8.96"); the total price ("89,600.00") ("F.O.B. Fort Worth"); the method of delivery ("truck"); the routing ("vendor's truck"); delivery schedule ("250 pcs March 1, 1972; 500 pcs April 1, 1972; 1000 pcs 1st of month thereafter") which was "to be flexible with reasonable lead time for production planning"; and the terms ("Net 30 days"). Additionally it contained the notation of a prepaid tooling charge of $235.-75; and the provision that the purchase order number "must appear on invoices, packages and correspondence." It made no provision for place of payment.

Delivery began by Foundry under the contract on February 24, 1972. Each shipment was accompanied by delivery ticket identical to the one which went with the prototypes, showing the date of delivery, and the number of units delivered; and referring on its face to the provision on the back that, "Accounts are payable in Sherman, Grayson County, Texas." In addition, these delivery tickets referred to the purchase order number. None of the delivery tickets gave unit price or total price. Each was signed by an employee of Mechanics at the time of delivery after verification of count, but none of these employees was authorized to contract for Mechanics. A signed copy of each delivery ticket was returned to Foundry by its delivery personnel. The next business day, Foundry prepared an invoice on the delivery and mailed it to Mechanics. The invoice after each delivery showed the purchase order number, the delivery ticket number, the quantity delivered, the unit price, and the total price. It stated on its face: "Invoice subject to all terms and conditions printed on the back hereof." On the back, as a term of payment, was this statement: "Accounts are payable in Sherman, Grayson County, Texas." Payment was then made by Mechanics, upon receipt of the invoice, by mailing its check to Foundry. This procedure—delivery, signed delivery ticket, invoicing, and payment—was repeated over a long period of dealing between the parties, with the exception, of course, of payment on the few sales which form the basis of this lawsuit.

The trial court expressly found that (1), (2) at all pertinent times Mechanics was a resident of Tarrant County; (3), (4) on or about January 21, 1972, Foundry orally offered to sell disc brakes to Mechanics, but the written offer confirmation prepared on that day by Foundry was not mailed to nor received by Mechanics; (5) Foundry's oral offer was verbally accepted by Mechanics, and this acceptance was confirmed in writing by Mechanics' purchase order number 1015; and (6) the purchase order does not provide for payment of the contract in Grayson County. The court concluded that (1) the purchase order contains all of the terms and conditions of the contract between the parties, "and is the complete contract in itself"; (2) Foundry's written offer confirmation is not a part of the contract; and (3) the delivery receipts and the invoices are not a part of the contract.

Subd. 5 of Article 1995 provides that if a defendant has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place therein in the writing, then suit upon that obligation may be brought against the defendant in that county.

Foundry does not question the finding that its offer confirmation was not mailed to nor received by Mechanics. A distillation of Foundry's points and arguments brings forward these three contentions for reversal: The evidence conclusively establishes (1) that Mechanics' oral acceptance of Foundry's verbal offer was made on February 12, 1972, and, therefore, Foundry's offer included the terms of the delivery ticket which accompanied the prototypes and was signed by Mechanics' president on February 2, 1972; (2) that Me-

chanics' purchase order does not contain all of the terms and conditions of the parties' contract; and (3) that the delivery receipts and invoices are a part of the contract. We overrule these contentions.

It was Foundry's burden to both plead and prove the facts necessary to invoke the venue exception it relied upon. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91 (1935). Although Foundry pleaded the delivery tickets upon which suit is based, it did not plead the ticket which accompanied the prototypes. And, there is evidence, including the testimony of Foundry's president, which supports the implied finding that the single function intended by the delivery receipts was the verification of delivery and quantity. Moreover, the evidence recited by us supports an implied finding that Mechanics' oral acceptance was made four or five days after January 21st, which preceded any activity involving a delivery ticket or invoice. These implied findings are necessarily referable to express finding number 5, and, being supported by the evidence, are properly considered by us, under Rule 299, Texas Rules of Civil Procedure, in support of the judgment. If the contract was orally finalized on January 25th or January 26th, as impliedly found by the trial court, and if this oral accord made no provision for, or expressly excluded provision for place of payment, then the subsequent delivery tickets and invoices, under the circumstances, did not enlarge or alter the completed contract to include venue provisions; and Mechanics was therefore under no duty to object to Foundry's efforts to add to an agreement already in existence. Knapp Corporation v. Lofland Company, (Tex.Civ.App.—Dallas, 1971, no writ hist.) 466 S.W.2d 847, 848; Barnwell v. Fox & Jacobs Construction Company, (Tex.Civ.App.—Dallas, 1971, no writ hist.) 469 S.W.2d 199, 205. This holding does not conflict with our ruling in Beall v. Hardwicke-Etter Company, (Tex.Civ.App. —Waco, 1970, writ dism.) 460 S.W.2d 516, in which we held that if a purchase order was *not* the contract between the parties, there, then the facts of the case supported implied findings that the parties adopted venue provisions in invoices as a part of their agreement.

The record shows that in their negotiations the parties orally agreed upon the number of brake units, the style and metal content of each, and the price. These elements of the contract, as verbally agreed upon, are correctly stated in Mechanics' purchase order. The record does *not* show that the other elements of the agreement as set forth in the purchase order were not also agreed upon verbally; and there is no showing in the record that the parties did not expressly exclude any reference to place of payment in their oral contract. In other words, the record does not conclusively establish that the purchase order does not correctly reflect all of the terms and conditions of the parties' prior oral accord. Contra, Foundry's sales representative who negotiated the oral contract testified, "I knew we had a deal when the purchase order came in"; and that "at this point [Foundry was] in a position to go ahead and start producing and fill this particular order."

Foundry's points and contentions are overruled. The judgment is affirmed.