**DANIEL BROTHERS, a partnership, Appellant,**

v.

**WEST TEXAS EQUIPMENT COMPANY, Appellee.**

No. 8951.

Court of Civil Appeals of Texas, Amarillo.

Jan. 31, 1979.

Archer, Archer & Alexander, Dorothy Alexander, Perryton, for appellant.

James R. Collins, Amarillo, for appellee.

ROBINSON, Chief Justice.

Plaintiff West Texas Equipment Company sued on a sworn account for the reasonable value of parts and labor for the repair of defendant Daniel Brothers' farm irrigation motor in Ochiltree County. Defendant appeals from an order overruling its plea of privilege to be sued in Ochiltree County, the county of the partners' residence. Plaintiff seeks to maintain venue in Potter County under subdivision 5(a) of article 1995, Tex. Rev.Civ.Stat.Ann. (Vernon Supp. 1978–1979). Reversed and remanded.

Subdivision 5(a) of article 1995 provides:

5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

■ To maintain venue under this subdivision, the plaintiff must prove the following venue facts: (1) the defendant is a party reached by the statute; (2) the plaintiff's claim is based on a contract in writing; (3) the contract was entered into by the defendant or one authorized to bind him; and (4) the contract provides for venue by its terms. *N. K. Parrish, Inc. v. Navar*, 553 S.W.2d 216, 217–18 (Tex.Civ. App.—Amarillo 1977, no writ).

■ Defendant contends that the evidence is insufficient to show a contract in writing providing for venue in Potter County. Plaintiff contends that an unsigned invoice mailed to defendant after completion of the job is a confirmatory memorandum and that the invoice is a contract in writing within the meaning of subdivision 5(a).

■ The evidence shows that on several occasions, defendant orally ordered parts and services from plaintiff. After the services were rendered, plaintiff mailed invoices showing the charges made. On the occasion in question defendant placed an oral order with plaintiff for parts and services for his field irrigation motor in Ochiltree County. There was no mention of place of payment. Plaintiff's field service representative delivered the parts and performed the requested services. After the job was completed, the representative secured defendant's signature on an acknowledgment of the number of hours that the field representative had worked. Plaintiff does not contend that the instrument acknowledging hours worked is a contract in writing. On completion of the job defendant became obligated to pay a reasonable price for such repairs as were reasonably necessary. Tex. Bus. & Com.Code Ann. § 2.305 (Vernon 1968); *Ingram v. D. C. Rachal Ford, Inc.*, 545 S.W.2d 886, 889 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd w o. j.).

The following week plaintiff prepared and sent invoices to defendant. The invoices contained language reciting that they were due and payable in Amarillo, Potter County, Texas. The invoices were not signed by either plaintiff or defendant.

■ Where a contract which does not contain a provision for venue has been completed, the seller may not unilaterally enlarge the contract in a later invoice to include a venue provision. This rule was stated in the factually similar case of *West Flour Mill, Inc. v. Vance*, 430 S.W.2d 232 (Tex.Civ.App.—Tyler 1968, writ dism'd w. o. j.). In *West Flour Mill*, the buyer telephoned orders for chicks over a period of two years. Seller sent orders confirming the telephone requests and upon delivery defendant signed confirmations of the quantity of chicks delivered. Seller then sent invoices containing a provision: "Payable at Shallowater, Texas." The court stated:

> This invoice is not signed by either of the parties. It is an ex parte statement by appellee that payment is payable in Shallowater, Texas. The oral contract for chicks did not contain a venue provision and since neither party signed the invoice, the same was not sufficient to enlarge or alter the oral contract to include a venue provision by a later ex parte statement by one of the parties.

*Id.* at 235.

■ Where the oral agreement makes no provision for place of payment, subsequent delivery tickets or invoices will not enlarge or alter the completed contract to include venue provisions and the buyer is under no duty to object to efforts to add to an agreement already in existence. *Sherman Foundry v. Mechanics, Inc.*, 517 S.W.2d 319, 322 (Tex.Civ.App.—Waco 1974, writ dism'd w. o. j.).

Cases cited by plaintiff and holding that an invoice containing a provision for venue is part of the contract between the parties are factually distinguishable from the case before us. For example, in *Harrison v. Facade, Inc.*, 355 S.W.2d 543 (Tex.Civ.App. —Dallas 1962, no writ), there was a written purchase order signed by buyer which requested that the goods be invoiced. In *Lufkin Foundry & Machine Co. v. Mixon*, 445

S.W.2d 232 (Tex.Civ.App.—Beaumont 1969, no writ), the person requesting repairs made and signed shop orders containing the language "Terms per invoice."

■ We have considered the facts before us in light of the foregoing authorities and are of the opinion that the evidence is insufficient to support a finding that there was a contract in writing providing for performance in Potter County. This holding is dispositive of the appeal. We do not reach defendant's remaining point of error.

The judgment overruling the plea of privilege is accordingly reversed and the cause remanded to the trial court.